Jacob K. BETZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–99–01192–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 11, 2001.

Brain D. Coyne, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, HUDSON, and DRAUGHN.[1]

## OPINION

JOE L. DRAUGHN, Justice (Assigned).

Appellant, pursuant to a plea agreement, entered a guilty plea to the offense of indecency with a child. The trial court accepted appellant's plea, found the evidence sufficient to substantiate guilt, but withheld a finding of guilt and placed appellant on community supervision for seven years. Five months later, on the State's motion, the trial court revoked appellant's community supervision, adjudicated appellant guilty on the offense of indecency with a child, and assessed punishment at eighteen years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a motion for new trial, which was overruled by operation of law. Three months after the adjudication of guilt, appellant filed a spe-

cific notice of appeal in accordance with the form requirements of rule 25.2(b)(2) of the Texas Rules of Appellate Procedure. Appellant specified that the issues to be appealed included, but were not limited to, "defendant's motion to suppress." Seven months later, appellant moved to amend the notice of appeal, which this court granted. Appellant's amended notice of appeal expanded the issues for appeal to include the following: "defendant's motion to suppress, motion to dismiss, the unconstitutionality of defendant's plea of guilty or no contest, and the unconstitutionality of defendant's sentence." On reconsideration, we find that we are without jurisdiction to consider any of these issues.

The Texas Rules of Appellate Procedure provide that in order for a notice of appeal to properly invoke this Court's appellate jurisdiction, following a judgment entered on appellant's negotiated guilty plea, "the notice must: (A) specify that the appeal is for a jurisdictional defect; (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (C) state that the trial court granted permission to appeal." TEX.R.APP.P. 25.2(b)(3); *Sherman v. State*, 12 S.W.3d 489, 492 (Tex.App.— Dallas 1999, no pet.). "The rule does not mean, however, that our jurisdiction is properly invoked by the filing of a specific notice of appeal complying only in form with the extra-notice requirements of the rule." *Sherman*, 12 S.W.3d at 492. Appellant must, in good faith, comply in both form and substance with the extra-notice requirements of rule 25.2(b)(3). *Id*; *see Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999) (stating appellant's general notice of appeal could not truthfully state that the trial court had given permission for the appeal). "Not only must the specific notice of appeal recite the applicable extra-notice requirements, the record must substantiate the recita-

1. Senior Justice Joe L. Draughn and Former Justice Maurice Amidei sitting by assignment.

tions in the notice of appeal." *Sherman,* 12 S.W.3d at 492. "Noncompliance, either in form or in substance, will result in a failure to properly invoke this Court's jurisdiction over an appeal to which rule 25.2(b)(3) applies." *Sherman,* 12 S.W.3d at 492.

 Appellant's notice of appeal failed to invoke this Court's jurisdiction. The notice of appeal provided: "Defendant would further state: (1) the appeal is for jurisdictional defects, (2) the substance of the appeal was raised by written motion and ruled on before trial, or (3) the trial court granted permission to appeal. Such issues include, but are not limited to, defendant's motion to suppress." While this language tracks the language found in rule 25.2(b)(3), the record fails to substantiate these recitations.

Appellant makes no assertion that the trial court lacked jurisdiction, and the record does not reveal a written motion to suppress. Moreover, the record does not reflect that the trial court gave permission for this appeal. The only reference by the trial court to an appeal by the defendant is found in a notation on the trial court's docket sheet, indicating that defendant gave notice of appeal. This is insufficient to constitute a grant of permission to appeal by the trial court. Appellant's notice of appeal fails to comply in substance with the requirements of rule 25.2(b)(3). Absent proper invocation of this Court's jurisdiction over an appeal, the only action this Court can take is to dismiss the appeal.

Additionally, this Court mistakenly allowed appellant to amend his original notice of appeal. While rule 25.2(d) of the Texas Rules of Appellate Procedure " 'expressly allows amendment of the notice of appeal to correct defects, after the appellant's brief is filed, on leave of the appellate court,' " no appellate rule can create jurisdiction were none exists. *State v. Riewe,* 13 S.W.3d 408, 413 (Tex.Crim.App. 2000) (quoting *Glenn v. State,* 991 S.W.2d 285, 289 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd)). "Once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction." *Riewe,* 13 S.W.3d at 413.

 Appellant's original notice of appeal failed to invoke this Court's jurisdiction. At that point, we had no jurisdiction over the case. Appellant's amended notice of appeal could not create jurisdiction. Accordingly, we dismiss this appeal.