No. 04-01-00132-CR



Joseph ALMANZA,


Appellant



v.



The STATE of Texas,


Appellee




From the 227th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CR-4534


Honorable Pat Priest, Judge Presiding



PER CURIAM


Sitting: Alma L. López, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: February 27, 2002


DISMISSED FOR LACK OF JURISDICTION

 Joseph Almanza pled nolo contendere to a felony and was sentenced in accordance with the
terms of his plea bargain agreement. Almanza filed a notice of appeal from the trial court's judgment,
in which he stated the appeal is for a jurisdictional defect.


 To invoke the court's jurisdiction over this appeal, Rule 25.2(b)(3) of the Texas Rules of
Appellate Procedure requires that the notice of appeal state the appeal is from a jurisdictional defect,
the substance of the appeal was raised by written motion and ruled on before trial, or the trial court
granted permission to appeal. Tex. R. App. P. 25.2(b)(3); Young v. State, 8 S.W.3d 656, 666-67 (Tex.
Crim. App. 2000); see State v. Riewe, 13 S.W.3d 408 (Tex. Crim. App. 2000). Appellant must
comply with Rule 25.2(b)(3) both in form and in substance. Where the record does not affirmatively
substantiate the recitation in the notice of appeal, this court's jurisdiction is not properly invoked and
we have no jurisdiction over the appeal. Betz v. State, 36 S.W.3d 227, 228 (Tex. App.-Houston [14th
Dist.] 2001, no pet. h.); Sherman v. State, 12 S.W.3d 489, 492 (Tex. App.-Dallas 1999, no pet.). 

 The record affirmatively reflects the trial court had jurisdiction over the cause and the
appellant. Because the recitation in Almanza's notice of appeal is not substantiated by the record, the
requirements of Rule 25.2(b)(3) are not met and this court does not have jurisdiction over the appeal.
See White v. State No. 123-01, 2001 WL 1539153 (Tex. Crim. App. Dec. 5, 2001); Cooper v. State,
45 S.W.3d 77 (Tex. Crim. App. 2001). Likewise, we do not have jurisdiction to consider the motion
to withdraw filed by Almanza's court-appointed counsel. We therefore dismiss the appeal and the
motion to withdraw for lack of jurisdiction.

 PER CURIAM

Do not publish