Dismissed and Opinion filed May 30, 2002









Dismissed and Opinion filed May 30, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00427-CR

____________

 

JOSE VILLARREAL DIAZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
230th District Court

Harris
County, Texas

Trial Court Cause
No. 877,481

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
entered a plea of guilty to the offense of possession of at least 400 grams of
cocaine with the intent to manufacture or deliver it.  In accordance with the terms of a plea
bargain agreement with the State, on March 22, 2002, the trial court sentenced
appellant to confinement for fifteen years in the Institutional Division of the
Texas Department of Criminal Justice and assessed a $100 fine.  Because we have no jurisdiction over this
appeal, we dismiss.  








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  Rule 25.2(b)(3) of the Texas Rules of
Appellate Procedure provides that when an appeal is from a judgment rendered on
a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Tex. R. App. P. 25.2(b)(3).  Not only must the specific notice of appeal
recite the applicable extra-notice requirements, the record must substantiate
the recitations in the notice of appeal and the issues raised in the brief must
relate to the specific claims in the notice of appeal. Betz v. State, 36
S.W.3d 227, 228-29 (Tex. App.CHouston [14th Dist.] 2001, no pet.); Sherman v. State,
12 S.W.3d 489, 492 (Tex. App.CDallas 1999, no pet.). 
Statements required by the rule to be in the notice of appeal must be true
to confer jurisdiction; mere allegations are not sufficient.  Sherman, 12 S.W.3d at 492 (emphasis in
the original).  Noncompliance, in either
form or substance, results in a failure to properly invoke the appellate court=s jurisdiction over an appeal to
which Rule 25.2(b)(3) is applicable.  Id.


Here,
appellant=s notice of appeal recites the rule,
but it does not specify the basis of his appeal.  The record reflects no jurisdictional errors,
no rulings denying pre-trial motions, and the trial court specifically denied
permission to appeal.  The time for
filing a proper notice of appeal has expired; thus, appellant may not file an
amended notice of appeal to correct jurisdictional defects.  State v. Riewe, 13 S.W.3d 408, 413-14
(Tex. Crim. App. 2000).  Because
appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).  








Moreover,
as part of appellant=s plea bargain agreement, he signed a written waiver of his
right to appeal.  The trial court
followed the plea bargain agreement in assessing punishment.  Despite having waived the right to appeal,
appellant filed a notice of appeal. 
Appellant chose to enter into an agreement that included a waiver of the
right to appeal.  Appellant was informed
of his right to appeal, knew with certainty the punishment he would receive,
and that he could withdraw his plea if the trial court did not act in
accordance with the plea agreement.  As
appellant was fully aware of the consequences when he waived his right to
appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka v. State,
60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. granted) (quoting
Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48 (1984)).  See also Blanco v. State, 18 S.W.3d
218, 219-20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d 275, 278
(Tex. App.CHouston [1st Dist.] 2001, no pet.)

Accordingly,
we dismiss the appeal for want of jurisdiction. 


 

 

PER CURIAM

 

 

Judgment rendered and Opinion filed May 30, 2002.

Panel consists of Chief Justice Brister and Justices
Anderson and Frost.

Do Not Publish C Tex. R. App. P. 47.3(b).