Dismissed and Opinion filed July 11, 2002









Dismissed and Opinion filed July 11, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00622-CR

____________

 

KELVIN GEORGE HOLLINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th District Court

Harris
County, Texas

Trial Court Cause
No. 905,357

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
entered a plea of guilty to the offense of possession of more than four grams,
but less than 200 grams, of cocaine with intent to deliver.  On April 9, 2002, in accordance with the
terms of a plea bargain agreement with the State, the trial court sentenced
appellant to confinement in the the Institutional Division of the Texas
Department of Criminal Justice for twenty-five years.  Because we have no jurisdiction over this
appeal, we dismiss.  








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  A defendant=s notice of appeal must be filed
within thirty days after sentence is imposed when the defendant has not filed a
motion for new trial.  See Tex. R. App. P. 26.2(a)(1).  On June 6, 2002, appellant filed an untimely
pro se general notice of appeal that did not comply with the requirements of
Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 25.2(b)(3).  Rule
25.2(b)(3) provides that when an appeal is from a judgment rendered on a
defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus, appellant may not file an amended notice of appeal to
correct jurisdictional defects.  State
v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).  

Not only
must the specific notice of appeal recite the applicable extra-notice
requirements, the record must substantiate the recitations in the notice of
appeal.  See Betz v. State, 36
S.W.3d 227, 228-29 (Tex. App.CHouston [14th Dist.] 2001, no pet.); Sherman v. State,
12 S.W.3d 489, 492 (Tex. App.CDallas 1999, no pet.). 
Here, the trial court denied appellant permission to appeal.  The record does not reflect any
jurisdictional errors or rulings on written pre-trial motions.  Because appellant=s notice of appeal was untimely and
did not comply with the requirements of Rule 25.2(b)(3), we are without
jurisdiction to consider any of appellant=s issues, including the voluntariness
of the plea.  See Cooper v. State,
45 S.W.2d 77, 83 (Tex. Crim. App. 2001) (holding that appellant who files
general notice of appeal may not appeal voluntariness of negotiated plea).  








Moreover,
as part of the plea bargain agreement, appellant signed a written waiver of his
right to appeal.  Appellant chose to
enter into an agreement that included a waiver of the right to appeal.  Appellant was informed of his right to
appeal, knew with certainty the punishment he would receive, and that he could
withdraw his plea if the trial court did not act in accordance with the plea
agreement.  As appellant was fully aware
of the consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka v. State,
60 S.W.3d 203, 206 (Tex. App.CHouston [14th Dist.] July 26, 2001, pet. granted) (quoting
Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48 (1984)).  See also Blanco v. State, 18 S.W.3d
218, 219-20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d 275, 278
(Tex. App.CHouston [1st Dist.] 2001, no pet.). 

Accordingly,
we dismiss the appeal for want of jurisdiction. 


 

PER CURIAM

 

Judgment rendered and Opinion filed July 11, 2002.

Panel consists of Chief Justice Brister and Justices
Anderson and Frost.

Do Not Publish C Tex. R. App. P. 47.3(b).