NUMBER 13-02-007-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


FAUSTO GALVAN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 206th District Court


of Hidalgo County, Texas.


__________________________________________________________________


O P I N I O N



Before Justices Dorsey, Rodriguez, and Castillo


Opinion Per Curiam



 Appellant, Fausto Galvan, was charged by indictment with one count of
indecency with a child. Pursuant to a plea bargain, appellant was placed on five years
deferred adjudication and fined $500. On November 29, 2001, appellant filed a
general notice of appeal, a motion for new trial, and a "Motion to Stay Commencement
of Terms of Community Service Pending Issuance of Appellate Mandate." Appellant
filed an amended notice of appeal on December 28, 2002, stating that he wished to
appeal "the voluntariness of his plea, a jurisdictional defect, rulings on pre-trial motions
[and] the substance of his Motion to Withdraw Plea and Motion for New Trial." After
hearing, the trial court denied all three motions. On January 28, 2002, appellant filed
a second amended notice of appeal stating that "the defendant will here note that he
desires to appeal any jurisdiction[al] defects and the substance of any motion that was
raised by written motion and ruled on before trial." 

 Appellant raises six issues on appeal attacking the trial court's action in denying
appellant's motion to withdraw his guilty plea and the trial court's alleged error in not
staying the conditions of his deferred adjudication pending his appeal of the order
imposing deferred adjudication. We dismiss this appeal for want of jurisdiction.

 To invoke an appellate court's jurisdiction over an appeal, an appellant must give
timely and proper notice of appeal. White v. State, 61 S.W.3d 424, 428 (Tex. Crim.
App. 2001). Appellant filed a timely general notice of appeal that did not comply with
the requirements of rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. See
Tex. R. App. P. 25.2(b)(3). Rule 25.2(b)(3) provides that when an appeal is from a
judgment rendered on a defendant's plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must: (1) specify that the appeal is
for a jurisdictional defect; (2) specify that the substance of the appeal was raised by
written motion and ruled on before trial; or (3) state that the trial court granted
permission to appeal. Id. The rule 25.2(b)(3) notice provisions apply to defendants
placed on deferred adjudication who challenge issues relating to the conviction. 
Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002).

 Appellant's amended notices of appeal contained the recitations required by rule
25.2(b)(3). See Tex. R. App. P. 25.2(b)(3). However, in addition to meeting the extra-notice requirements of rule 25.2(b)(3), the record must substantiate the recitations in
the notice of appeal. Betz v. State, 36 S.W.3d 227, 228-29 (Tex. App.-Houston
[14th Dist.] 2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492 (Tex. App.-Dallas
1999, no pet.). Statements required by the rule to be in the notice of appeal must be
true to confer jurisdiction, and mere allegations are not sufficient. Sherman, 12
S.W.3d at 492. Noncompliance, in either form or substance, results in a failure to
properly invoke the appellate court's jurisdiction over an appeal under rule 25.2(b)(3). 
Id.

 In the instant case, appellant merely recited the provisions of rule 25.2(b)(3) in
his amended notice of appeal. However, in fact, appellant fails to raise any issues
relevant to the provisions of rule 25.2(b)(3) in his brief. Therefore, appellant's notice
of appeal does not comply in substance with the requirements of rule 25.2(b)(3). See
id. 

 Because appellant's notice of appeal did not comply with the requirements of
rule 25.2(b)(3), we are without jurisdiction to consider any of appellant's issues,
including the voluntariness of the plea. See Cooper v. State, 45 S.W.3d 77, 83 (Tex.
Crim. App. 2001). The time for filing a proper notice of appeal has expired, thus
appellant may not file an amended notice of appeal to correct jurisdictional defects. 
State v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000). 

 Absent appellate jurisdiction, we can take no action other than to dismiss the
appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
Accordingly, we dismiss the appeal for want of jurisdiction. 

 PER CURIAM


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 25th day of July, 2002.