Dismissed and Opinion filed July 25, 2002









Dismissed and Opinion filed July 25, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00043-CR

NO. 14-02-00044-CR

NO. 14-02-00045-CR

____________

 

BOBBY LEE HARRIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
263rd District Court

Harris
County, Texas

Trial Court Cause
Nos. 889,966, 889,967 & 889,968

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
entered pleas of guilty to three offenses of aggravated sexual assault of a
child.  In accordance with the terms of
plea bargain agreements with the State, on November 14, 2001, the trial court
sentenced appellant to confinement for twenty years in the Institutional
Division of the Texas Department of Criminal Justice.  We dismiss. 









To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant filed a pro se notice of appeal in
each case that did not comply with the requirements of Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  Not only must the specific notice of
appeal recite the applicable extra-notice requirements, the record must
substantiate the recitations in the notice of appeal.  Betz v. State, 36 S.W.3d 227, 228-29
(Tex. App.CHouston [14th Dist.] 2001, no pet.); Sherman
v. State, 12 S.W.3d 489, 492 (Tex. App.CDallas 1999, no pet.).  Appellant=s notices of appeal merely quoted the
rule; the records including the record from the plea hearing, do not
substantiate that permission to appeal was granted or that any jurisdictional
defects exist.  The records also do not
include any written pre-trial motions that could form the substance of the
appeals.

The time
for filing a proper notice of appeal has expired; thus, appellant may not file
an amended notice of appeal to correct jurisdictional defects.  State v. Riewe, 13 S.W.3d 408, 413-14
(Tex. Crim. App. 2000).  Because
appellant=s notices of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the pleas.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).  








Moreover,
as part of his plea agreements, appellant signed a written waiver of the right
to appeal in each case.  The trial court
followed the plea bargain agreements in assessing punishment.  Despite having waived the right to appeal,
appellant filed notices of appeal. 
Appellant chose to enter into agreements that included waivers of the
right to appeal.  Appellant was informed
of his right to appeal, knew with certainty the punishment he would receive,
and that he could withdraw his plea if the trial court did not act in
accordance with the plea agreement.  As
appellant was fully aware of the consequences when he waived his right to
appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka v. State,
60 S.W.3d 203, 206 (Tex. App.CHouston [14th Dist.] July 26, 2001, pet. granted) (quoting
Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48 (1984)).  See also Blanco v. State, 18 S.W.3d
218, 219-20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d 275, 278
(Tex. App.CHouston [1st Dist.] 2001, no
pet.).  

Accordingly,
we dismiss the appeals for want of jurisdiction.  

 

 

PER CURIAM

 

 

Judgment rendered and Opinion filed July 25, 2002.

Panel consists of Chief Justice Brister and Justices
Anderson and Frost.

Do Not Publish C Tex. R. App. P. 47.3(b).