NUMBER 13-02-095-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI



 

 

RAMIRO
MALDONADO CORTINA,                                          Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 



 

                        On appeal from the 398th District Court

                                  of Hidalgo County, Texas.

 



 

                                   O P I N I O N

 

                   Before Justices Dorsey, Rodriguez, and Castillo

                                       Opinion Per Curiam

 








Appellant,
Ramiro Maldonado Cortina, was charged by indictment with one count of burglary
of a habitation.  Pursuant to a plea
bargain, appellant was placed on eight years deferred adjudication and fined
$1,000.  On January 11, 2002, appellant
filed a general notice of appeal and a AMotion to Stay
Commencement of Terms of Community Service Pending Issuance of Appellate Mandate.@  Appellant filed an amended notice of appeal
on January 28, 2002, stating that he wished to appeal Aany jurisdiction[al] defects and the substance of any motion
that was raised by written motion and ruled on before trial.@  At the hearing on appellant=s motion to
stay, the trial court offered appellant the opportunity to withdraw his plea
and proceed to trial, but appellant refused and the trial court denied
appellant=s motion to
stay.

Appellant
raises two issues on appeal attacking the sufficiency of the evidence and the
trial court=s alleged error
in not staying the conditions of his deferred adjudication pending his appeal
of the order imposing deferred adjudication. 
We dismiss this appeal for want of jurisdiction.








To invoke an
appellate court=s jurisdiction
over an appeal, an appellant must give timely and proper notice of appeal.  White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001). 
Appellant filed a timely general notice of appeal that did not comply
with the requirements of rule 25.2(b)(3) of the Texas
Rules of Appellate Procedure.  See
Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of
guilty or nolo contendere and the punishment assessed does not exceed the
punishment recommended by the State and agreed to by the defendant, the notice
of appeal must: (1) specify that the appeal is for a jurisdictional defect; (2)
specify that the substance of the appeal was raised by written motion and ruled
on before trial; or (3) state that the trial court granted permission to
appeal.  Id.  The rule 25.2(b)(3)
notice provisions apply to defendants placed on deferred adjudication who
challenge issues relating to the conviction. 
Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim.
App. 2002).

Appellant=s amended
notice of appeal contained the recitations required by rule 25.2(b)(3).  See Tex. R. App. P. 25.2(b)(3).  However, in
addition to meeting the extra-notice requirements of rule 25.2(b)(3), the record must substantiate the recitations in the
notice of appeal.  Betz v. State,
36 S.W.3d 227, 228-29 (Tex. App.BHouston [14th Dist.]
2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492 (Tex. App.BDallas 1999, no
pet.).  Statements required by the rule
to be in the notice of appeal must be true to confer jurisdiction, and mere
allegations are not sufficient.  Sherman,
12 S.W.3d at 492. 
Noncompliance, in either form or substance, results in a failure to
properly invoke the appellate court=s jurisdiction
over an appeal under rule 25.2(b)(3).  Id.

In the instant
case, appellant merely recited two of the three provisions of rule 25.2(b)(3) in his amended notice of appeal.  However, in fact, appellant fails to raise
any issues relevant to the provisions of rule 25.2(b)(3)
in his brief.  Therefore, appellant=s notice of
appeal does not comply in substance with the requirements of rule 25.2(b)(3).  See id.  








Because
appellant=s notice of
appeal did not comply with the requirements of rule 25.2(b)(3),
we are without jurisdiction to consider any of appellant=s issues,
including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.3d 77, 83
(Tex. Crim. App. 2001).  The time for
filing a proper notice of appeal has expired, thus appellant may not file an
amended notice of appeal to correct jurisdictional defects.  State v. Riewe, 13
S.W.3d 408, 413-14 (Tex. Crim. App. 2000). 

Absent
appellate jurisdiction, we can take no action other than to dismiss the
appeal.  See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Accordingly, we dismiss the appeal for want
of jurisdiction.

 

PER CURIAM

 

 

Do not publish.

Tex. R.
App. P. 47.3(b).

 

Opinion delivered and filed

this 8th day of August,
2002.