Dismissed and Opinion filed October 3, 2002









Dismissed and Opinion filed October 3, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-00197-CR;

        
14-02-00198-CR

____________

 

CHARLES BRADLEY HALL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 351st District Court

Harris
County, Texas

Trial
Court Cause Nos. 858,559
& 885,591

 



 

O P I N I O N








Appellant pled guilty on November 16, 2000, to the offenses
of burglary of a habitation and burglary of a building.  In accordance with the terms of a plea
bargain agreement in cause number 858,559, the trial judge deferred
adjudication of guilt and placed appellant on community supervision for four
years.  In accordance with the terms of a
plea bargain agreement in cause number 885,591, the trial judge sentence
appellant to two years= incarceration in the Texas Department of Criminal Justice,
Institutional Division.  In cause number
858,559, the State filed a motion to adjudicate guilt.  After a hearing, the trial court found
appellant guilty and assessed punishment at confinement for one year in the
State Jail Division of the Texas Department of Criminal Justice.

In both causes, appellant filed timely pro se notices of appeal
and alleged the substance of the appeals would address a jurisdictional
defect.  See Tex. R. App. P. 25.2(b)(3).  The
requirements of Rule 25.2(b)(3) apply to an appeal
from a judgment adjudicating guilt when, as in the present case, the State
recommended deferred adjudication probation at the original plea.  Watson v. State, 924
S.W.2d 711, 714‑15 (Tex. Crim. App. 1996).  In an appeal from a judgment rendered on the
defendant=s plea of guilty under Code of Criminal
Procedure article 1.15, where the punishment does not exceed that recommended
by the prosecutor and agreed to by the defendant, Rule 25.2(b)(3) requires the
notice of appeal to either (1) specify that the appeal is for a jurisdictional
defect, (2) specify that the substance of the appeal was raised by written
motion and ruled on before trial, or (3) state that the trial court granted
permission to appeal.  Tex. R. App. P. 25.2(b)(3).  This rule does
not mean, however, that an appellate court=s jurisdiction is properly invoked by
the filing of a specific notice of appeal complying only in form with the
extra-notice requirements of Rule 25.2(b)(3). 
Betz v. State, 36 S.W.3d 227, 228 (Tex. App.BHouston [14th Dist.] 2001, not
pet.).  An appellant must, in good faith,
comply in both form and substance with the extra-notice requirements of the
rule.  Id.  Not only must the specific notice of appeal
recite the applicable extra-notice requirements, the record must substantiate
the recitations in the notice of appeal and the issues raised in the brief must
relate to the specific claims in the notice of appeal.  Betz, 36 S.W.3d at
228-29.  Noncompliance, in either
form or substance, results in a failure to properly invoke the appellate court=s jurisdiction over an appeal to
which Rule 25.2(b)(3) is applicable.  Id. 








Although appellant filed notices of appeal alleging that he
would raise jurisdictional defects, appellant=s brief does not raise a
jurisdictional defect.  Instead,
appellant claims he was denied ineffective assistance of counsel when his
attorney filed to advise the trial court during plea proceedings of appellant=s bi-polar disorder, appellant=s attention deficit hyperactivity
disorder, and his recent admission to a hospital for residential treatment. 

The State has filed a motion to dismiss these appeals on the
ground that we have no jurisdiction because the notices of appeal are
defective, appellant waived his right to appeal, and appellant is improperly
challenging the voluntariness of his plea. 
We agree that appellant=s notices of appeal failed to invoke this Court=s jurisdiction.

While appeal of jurisdictional
defects is permitted under Tex. R. App. P. 25.2(b)(3),
appellant=s brief does not raise issues
involving jurisdiction.  The only issue
raised concerns ineffective assistance of counsel during the plea
proceedings.  Therefore, we are without
jurisdiction to consider appellant=s issue.

In connection with cause number
858,559. there is an additional reason to dismiss. Given the plain
meaning of Article 42.12, section 5(b) of the Code of Criminal Procedure, an
appellant whose deferred adjudication probation has been revoked and who has
been adjudicated guilty of the original charge, may not raise on appeal
contentions of error in the adjudication of guilt process.  Connolly v. State,
983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Tex. Code Crim. Proc. Ann. Art. 42.12 ' 5(b) (Vernon Supp. 2001).  Appellant may only raise issues that occur
after adjudication of guilt and assessment of punishment.  See Ditto v. State, 988
S.W.2d 236, 238 (Tex. Crim. App. 1999). 
Nor may we now consider any complaint concerning the original plea
because those had to have been raised when deferred adjudication community
supervision was first imposed.  Manuel
v. State, 994 S.W.2d 658, 661‑62 (Tex. Crim. App.
1999).  

Accordingly, we grant the State=s motion and dismiss the appeals for
want of jurisdiction.

PER CURIAM

 

Judgment rendered and Opinion
filed October 3, 2002.

Panel consists of Justices
Edelman, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.3(b).