Dismissed and Opinion filed November 21, 2002














Dismissed and
Opinion filed November 21, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00146-CR

_______________

 

DAVID LEE
WHITE, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

_______________________________________________________

 

On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 897,175

_______________________________________________________

 

M E M O R A N D U M  
O P I N I O N

            David Lee White appeals his
conviction for cocaine possession on the ground that he was denied effective
assistance of counsel.  We dismiss the
appeal for lack of jurisdiction.

            Appellant entered a negotiated
guilty plea, and the trial court found him guilty and sentenced him to one
year’s confinement.  Appellant timely
filed a notice of appeal stating that the trial court granted permission to
appeal, the appeal was for a jurisdictional defect, and the substance of the
appeal was raised by written motion and ruled on before trial.

            To invoke an appellate court’s
jurisdiction over an appeal, an appellant must file a proper notice of
appeal.  Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002).  In
an appeal from a judgment rendered on a negotiated guilty plea, the notice of
appeal must: (1) specify that the appeal is for a jurisdictional defect; (2)
specify that the substance of the appeal was raised by written motion and ruled
on before trial; or (3) state that the trial court granted permission to
appeal.  Tex. R. App. P. 25.2(b)(3). 
In addition, one or more of the foregoing conditions must be
substantiated by the record and be a ground for the appeal raised in the
appellant’s brief.  See Betz v. State, 36 S.W.3d 227, 228-29 (Tex. App.—Houston [14th
Dist.] 2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492-93 (Tex. App.—Dallas 1999, no
pet.).

            In this
case, the record does not contain any written motion ruled on before trial, the
trial court specifically recited in the judgment that it did not grant
permission to appeal; and appellant’s brief raises no jurisdictional defects.[1]  Because appellant has thus failed to invoke
our jurisdiction to consider his appeal, it is dismissed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed November
 21, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 











[1]           Even if appellant’s alleged
ineffective assistance of counsel, i.e.,
that his attorney failed to advise him of possible defenses that could be
raised at trial, amounts to a claim that his plea was involuntary, it still may
not be raised on appeal of a negotiated plea. 
See Cooper v. State, 45 S.W.3d
77, 82 (Tex. Crim. App. 2001).