Dismissed and Opinion filed February 20, 2003









Dismissed and Opinion filed February 20, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-03-00088-CR

NO. 14-03-00089-CR

NO.
14-03-00090-CR

NO.
14-03-00091-CR

____________

 

WALTER ALFONSO ROBLES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 351st District Court

Harris County, Texas

Trial
Court Cause Nos. 875,336, 875,595, 878,210, & 878,211

 



 

M
E M O R A N D U M   O P I N I O N








Appellant entered guilty pleas to two offenses of aggravated
robbery and two offenses of aggravated sexual assault.  In accordance with the terms of plea bargain
agreements with the State, on November 14, 2002, the trial court sentenced
appellant to confinement for life in the Institutional Division of the Texas
Department of Criminal Justice. 
Appellant filed a pro se notice of appeal in each case.[1]   Because we have no jurisdiction over these
appeals, we dismiss.  

To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001).  Rule 25.2(b)(3)  of the Texas Rules of Appellate Procedure
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.2d 77, 83 (Tex. Crim.
App. 2001) (holding that appellant who files general notice of appeal may not
appeal voluntariness of negotiated plea). 








The rule does not mean, however, that an appellate court=s jurisdiction is properly invoked by
the filing of a specific notice of appeal complying only in form with the
extra-notice requirements of Rule 25.2(b)(3). 
Betz v. State, 36 S.W.3d 227, 228 (Tex. App.CHouston [14th Dist.] 2001, no pet.); Sherman
v. State, 12 S.W.3d 489, 492 (Tex. App.CDallas 1999, no pet.).  An appellant must, in good faith, comply in
both form and substance with the extra-notice requirements of the rule.  Id.; see Manuel v. State, 994
S.W.2d 658, 662 (Tex. Crim. App. 1999) (stating that
appellant=s general notice of appeal could not
truthfully state that trial court had given permission to appeal).  Not only must the specific notice of appeal
recite the applicable extra-notice requirements, the record must substantiate
the recitations in the notice of appeal and the issues raised in the brief must
relate to the specific claims in the notice of appeal.  See Betz, 36 S.W.3d
at 228-29; Sherman, 12 S.W.3d at 492.  Statements required by the rule to be in the
notice of appeal must be true to confer jurisdiction; mere allegations
are not sufficient.  Sherman, 12 S.W.3d at 492.  (emphasis in the original). 

In this case, the records contain no written motions ruled on
before trial, and they reflect no jurisdictional defects.  In addition, the trial court specifically
denied appellant permission to appeal in each case.  Accordingly, appellant=s notice of appeal does not comply in
substance with Rule 25.2(b).

Moreover, appellant waived his right to appeal.  As part of the plea bargain agreement,
appellant signed a written waiver of his right to appeal, and the trial court
followed the plea bargain agreement in assessing punishment.  Despite having waived the right to appeal,
appellant filed a notice of appeal. 
Appellant chose to enter into an agreement that included a waiver of the
right to appeal.  Appellant was informed
of his right to appeal, knew with certainty the punishment he would receive,
and that he could withdraw his plea if the trial court did not act in
accordance with the plea agreement.  As
appellant was fully aware of the consequences when he waived his right to
appeal, it is Anot unfair to expect him to live with
those consequences now.@  Mabry
v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48, (1984).  See also Blanco v. State, 18 S.W.3d
218, 219-20 (Tex. Crim. App. 2000); Buck v. State,
45 S.W.3d 275, 278 (Tex. App.CHouston [1st Dist.] 2001, no
pet.).  

Accordingly, we dismiss these appeals for want of
jurisdiction.  

 

PER CURIAM

 

Judgment rendered and Opinion
filed February 20, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).          











[1]  The notice of appeal in this case was filed prior to
the amendments to the Texas Rules of Appellate Procedure effective January 1,
2003.