Affirmed and Memorandum Opinion filed April 24, 2003















Affirmed and
Memorandum Opinion filed April 24, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01154-CR

____________

 

CHADRICK JAY FINISTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

____________________________________________

 

On Appeal from
the 176th District Court

Harris County, Texas

Trial Court
Cause No. 813,969

 

____________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Chadrick
Jay Finister appeals the trial court’s judgment
finding him guilty of felony possession of a controlled substance.  Under two points of error, he alleges the
three year sentence imposed by the court constitutes cruel and unusual
punishment.  The State argues appellant’s
general notice of appeal failed to invoke this Court’s jurisdiction.  We affirm the judgment.








Background

            On September 29, 1999, pursuant to a plea bargain
agreement accepted by the court, appellant pleaded guilty to the offense of
possession of a controlled substance, and was placed on deferred adjudication
community supervision for five years. 
The State subsequently filed a motion to adjudicate guilt, alleging
appellant had violated certain conditions of his community supervision.  On October 18, 2001, also pursuant to a plea bargain
agreement, appellant pleaded true to the State’s motion.  The trial court adjudicated him guilty of the
offense and assessed punishment at three years’ confinement with a $500 fine,
as per the agreement.  After the
adjudication proceeding, appellant filed a timely pro se notice of appeal complaining
of “incorrect teaching.”  Upon abatement
by this Court, the trial court appointed counsel to represent appellant on
appeal.  Appellant’s counsel filed an
out-of-time amended notice of appeal generally alleging grounds under Texas
Rules of Appellate Procedure Rule 25.2(b)(3). 
In two points of error, appellant complains his plea-bargained
three-year sentence constitutes cruel and unusual punishment.

Analysis

A.  Jurisdiction

 

            Because the State contends we are
without jurisdiction, we address that issue first.  To invoke an appellate court’s jurisdiction
over an appeal, an appellant must give timely and proper notice of appeal.  White
v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001). 
Dismissal of an issue or the entire matter is appropriate unless the
notice of appeal properly perfects the appeal as to the issue or matter.  Id.  To invoke this Court’s jurisdiction over an
appeal from a negotiated felony guilty plea, a notice of appeal must meet the
mandatory notice requirements[1] of
Texas Rules of Appellate Procedure Rule 25.2(b)(3); White at 429.  The provisions
of that rule apply to appellants who are placed on deferred adjudication
probation and who raise an issue relating to the conviction.  Woods
v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002). 
Under Rule 25.2(b)(3), the notice of appeal must (1) specify that the
appeal is for a jurisdictional defect; (2) specify that the substance of the
appeal was raised by written motion and ruled on before trial; or (3) state
that the trial court granted permission to appeal.  Id.  Here, appellant’s pro se notice of appeal
failed to raise any Rule 25.2(b)(3) jurisdictional grounds.  Although his subsequent out-of-time amended
notice of appeal did allege Rule 25.2(b)(3) grounds, such grounds are not supported
by the record or argued in appellant’s brief, and thus the amended notice of
appeal does not comply with Rule 25.2(b)(3). 
See Bayless
v. State, 91 S.W.3d 801, 802 (Tex. Crim. App. 2002). 
Not only must the notice of appeal include a recitation of applicable
notice requirements, the record must substantiate recitations of jurisdiction
in the notice of appeal and issues raised in the brief must relate to specific
claims alleged in the notice of appeal.  Betz v. State, 36 S.W.3d 227, 228–29 (Tex. App.—Houston [14th
Dist.] 2001, no pet.). 

            Nevertheless, a defendant need not
comply with the specific notice provisions of Rule 25.2(b)(3) if his claim on
appeal is not a challenge to his conviction. 
Woods, 68 S.W.3d at 669.  In Vidaurri v. State,
49 S.W.3d 880 (Tex. Crim. App. 2001), the Texas Court
of Criminal Appeals allowed an appeal to go forward from a guilty plea as the
defendant challenged the process by
which he was sentenced, not the conviction itself.  Unclear is whether following a negotiated
guilty plea accepted by the court, an appellant must comply with Rule
25.2(b)(3) in order to appeal alleged errors in assessment of punishment,
unrelated to the sentencing process. 
Specifically, Vidaurri and Woods
do not address whether Rule 25.2(b)(3) governs complaints of cruel and unusual
punishment under such circumstances.  At
least one court of appeals has interpreted Vidaurri to allow such
claims.  Foy v. State, No. 01-00-00914-CR, 2002 WL 31682219 (Tex. App.—Houston [1st
Dist.] 2002, no pet.) (not designated for publication) (holding appellate court
had jurisdiction over claim of cruel and unusual punishment arising from
deferred adjudication plea bargaining agreement, as claim related to
punishment, not conviction.).  Under
similar facts, this Court has addressed the merits of such claim, but without
discussion of  jurisdictional
issues.  Sompract v. State, No. 14-02-00271-CR, 2003 WL 297716 (Tex. App.—Houston [14th
Dist.] 2003, no pet. h.). 

            We find no clear authority for the
State’s proposition that assessment of punishment arguments relate to the
conviction and are governed by Rule 25.2(b)(3). 
As the Texas Court of Criminal Appeals has not ruled that allegations of
cruel and unusual punishment arising from a deferred adjudication plea bargain
agreement are issues relating to a conviction, we construe our jurisdiction to
review appellant’s claims as invoked by his general notice of appeal. 

B.  Cruel and Unusual Punishment

            In his two points of error,
appellant argues his plea-bargained three-year sentence constitutes cruel and
unusual punishment, in violation of his state and federal constitutional
rights.  Appellant did not raise this
argument with the trial court, and thus has failed to preserve the issue for
our review on appeal.  Our law is
well-settled that almost every right, constitutional and statutory, may be
waived by the failure to object.  Solis v. State, 945 S.W.2d 300, 301
(Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).  Specifically, the constitutional right to be
free from cruel and unusual punishment may be waived.  Stewart
v. LaGrand, 526 U.S. 115, 119
(1999); Solis, 945 S.W.2d at
301.  Because appellant did not object to
the sentence as violating his constitutional rights at the time it was
announced, he has waived both points of error.  See Sompract,
2003 WL 297716, at *2 (Tex. App.—Houston [14th
Dist.] 2003, no pet. h.) (not designated for publication).  This is not the type of error that can be
raised the first time on appeal, therefore appellant has waived any possible
error.  See Saldano v. State, 70 S.W.3d 873, 887–90
(Tex. Crim. App. 2002). 

            Even assuming his argument had been
properly preserved for our review, appellant has not shown how his sentence
constitutes cruel and unusual punishment. 
Appellant acknowledges his sentence falls within the statutory range for
his offense, such that his punishment is not cruel or unusual within the
meaning of federal constitutional provisions. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim.
App. 1996).  While he contends that under
the unusual and unique facts of this case the resulting punishment was
unconstitutional, he has failed to inform us what is unique about this case or
cite any cases supporting his argument that the sentence was cruel and unusual
under the circumstances.  See Aguilar v. State, No. 01-97-00482-CR,
1999 WL 33484 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d)
(not designated for publication).  

Conclusion

            Appellant has waived his arguments
of cruel and unusual punishment on appeal. 
His two points of error are overruled, and the judgment is affirmed.

 

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed April 24, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 











            [1]  The notice of appeal in this case was filed
prior to the amendments to the Texas Rules of Appellate Procedure effective January 1, 2003.