Dismissed and Opinion filed July 10, 2003









Dismissed and Opinion filed July 10, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01238-CR

____________

 

JAMES DANIEL
WILLIAMS, Appellant

 

V.

 

THE
STATE OF TEXAS, Appellee

 



 

On Appeal from the
208th District Court

Harris County,
Texas

Trial Court Cause
No. 925,452

 



 

M E M O R A N D U M   O P I N I O N

Appellant pled guilty to
the offense of possession of a controlled substance on October 15, 2002.  In accordance with the terms of a plea
bargain agreement with the State, the trial court sentenced appellant on October
15, 2002, to two years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.  Because
we have no jurisdiction over this appeal, we dismiss.  








To invoke an appellate
court’s jurisdiction over an appeal, an appellant must give timely and proper
notice of appeal.  White v. State,
61 S.W.3d 424, 428 (Tex. Crim. App. 2001). 
Appellant filed a timely general notice of appeal that did not comply
with the requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant’s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  Because appellant=s notice of appeal did
not comply with the requirements of Rule 25.2(b)(3), we are without
jurisdiction to consider any of appellant=s
issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).[1]  








The rule does not mean,
however, that an appellate court=s
jurisdiction is properly invoked by the filing of a specific notice of appeal
complying only in form with the extra-notice requirements of Rule
25.2(b)(3).  Betz v. State, 36
S.W.3d 227, 228 (Tex. App.BHouston
[14th Dist.] 2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492 (Tex.
App.BDallas 1999, no
pet.).  An appellant must, in good faith,
comply in both form and substance with the extra-notice requirements of the
rule.  Betz, 36 S.W.3d at 228.  See also Manuel v. State, 994 S.W.2d 658,
662 (Tex. Crim. App. 1999)(stating that appellant=s
general notice of appeal could not truthfully state that trial court had given
permission to appeal).  Not only must the
specific notice of appeal recite the applicable extra-notice requirements, the
record must substantiate the recitations in the notice of appeal and the issues
raised in the brief must relate to the specific claims in the notice of
appeal.  See Betz, 36 S.W.3d at
228-29; Sherman, 12 S.W.3d at 492. 
Statements required by the rule to be in the notice of appeal must be true
to confer jurisdiction; mere allegations are not sufficient.  Sherman, 12 S.W.3d at 492.

In his pro se notice of
appeal, appellant states that he is appealing “nonjurisdictional
defects [that] may be raised by written pretrial motion and ruled upon prior to
trial.”  In this case, the record does
not contain any written motions ruled on before trial.  Furthermore, the record does not reflect the
trial court granted appellant permission to appeal.  

Accordingly, we dismiss
the appeal for want of jurisdiction.  

 

PER CURIAM

 

 

 

Judgment
rendered and Opinion filed July 10, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  The notice of appeal in this case was filed prior to
the amendments to the Texas Rules of Appellate Procedure effective January 1,
2003.