**Michael Adam RAUSCHER, Appellant,**

v.

**The STATE of Texas.**

No. 0931–02.

Court of Criminal Appeals of Texas.

Jan. 29, 2003.

Matt Hennessy, Houston, for appellant.

Alan Curry, Assist. DA, Houston, Matthew Paul, State's Attorney, Austin, for state.

### OPINION

PER CURIAM.

Appellant pled guilty and was convicted by the trial court of possession of marijuana. The trial court followed the plea agreement and sentenced Appellant to twelve months in state jail. Appellant had filed a pre-trial motion to suppress and filed a timely general notice of appeal. However, the general notice of appeal did not meet the requirements of Tex.R.App. P. 25.2(b)(3). After the time for filing a notice of appeal had expired, but before briefs were filed, the Court of Appeals dismissed the appeal for want of jurisdiction stating that once the court lost jurisdiction over an appeal based on the filing of a defective notice of appeal, Rule 25.2(d) could not be used to give the court jurisdiction over the appeal. *Rauscher v. State,* 74 S.W.3d 197 (Tex.App.-Houston [1st Dist] 2002). The court referenced

*State v. Riewe,* 13 S.W.3d 408 (Tex.Crim. App.2000). After the dismissal, Appellant filed an amended notice of appeal that complied with Rule 25.2(b)(3) as well as a motion for rehearing and a motion for leave to file the amended notice. See Tex R.App. P. 25.2(d).

In *Bayless v. State,* 91 S.W.3d 801 (Tex. Crim.App.2002), this Court held that under Rule 25.2(d), a defendant is permitted to file an amended notice of appeal curing any defects in an earlier filed notice. When the Court of Appeals decided this case, it did not have the benefit of this Court's opinion in *Bayless.* Accordingly, we grant Appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand to that court for reconsideration in light of our opinion in *Bayless.*