NUMBER 13-02-623-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS
 CHRISTI - EDINBURG



 

 

THOMAS J. DAVIS,                                                              Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 



 

                        On appeal from the 105th District Court

                                  of Nueces
 County, Texas.

 



 

OPINION
ON TRIAL COURT=S
REQUEST TO RECONSIDER ABATEMENT ORDER

 

        Before Chief Justice Valdez
and Justices Rodriguez and Castillo

                                       Opinion Per Curiam

 








On November 14, 2002, appellant Thomas J.
Davis invoked
our jurisdiction by filing a timely notice of appeal, generally asserting
his desire to appeal.  See Bayless v.
State, 91 S.W.3d 801, 805-06 (Tex. Crim.
App. 2002).  While his appeal was
pending, the rules of appellate procedure applicable to criminal appeals were
amended effective January 1, 2003.[1]  This Court has determined that the current
rules apply to all criminal cases on appeal as of the effective date of the
amendments.  Accordingly, we abated all
pending criminal appeals, including Davis=s, and ordered the
trial court to prepare and supplement the record within fourteen days with
certifications of each defendant=s right of appeal as
required by current rule 25.2(a)(2).  See
Tex. R. App. P. 25.2(a)(2).  








The trial court has filed a request for us to reconsider our abatement
order or, alternatively, to provide additional time for the preparation and filing of the
certification.  The trial court points
out that:  (1) the court of criminal
appeals has not ordered retroactive application of the amended rules; (2) the
former rules applicable to criminal appeals effectively preserved a defendant=s rights; (3) the
trial court=s duties in providing
a certification of the right of appeal require review and examination of each
case; and (4) the form promulgated by the court of criminal appeals for use by
trial courts in preparing certifications of the right of appeal provide for
signature by prosecuting and defense counsel as well as by the defendant
personally.  Eloquently describing scant
resources and logistical impediments to its compliance with our order, the
trial court requests that we either rescind our decision to apply the current
rules to all pending criminal appeals because of the burden it imposes or
provide additional time for the trial court to review the cases subject to our
abatement orders, prepare the certifications, and obtain the necessary
signatures.  

In deciding to apply the current rules retroactively, we considered
our pooled experience as lawyers, trial judges, and appellate justices in
addressing the continuing and vexing problem of how a criminal appeal proceeds
in Texas.  We
reviewed our criminal docket.  We
analyzed the approaches taken by our sister intermediate appellate courts to
application of the current rules.  We
considered the administrative burden that retroactive application of the
current rules to pre-2003 cases would impose on trial courts.  After careful consideration, we decided that
the current rules of appellate procedure governing criminal appeals apply to
all criminal cases pending before this Court on January
 1, 2003.  We respectfully deny the
trial court=s request to
reconsider our abatement order.  We grant
its request for additional time to comply as ordered below. 

The trial court=s reasoned request
concerns us, however, and we note that the abbreviated form promulgated by the
court of criminal appeals for use by the bench and bar in preparing
certifications of the right of appeal does not contemplate certain rights of
appeal even Aplea bargain@ defendants enjoy in
the State of Texas.  Accordingly, we take this
opportunity to discuss, for the benefit of bench and bar in preparing certifications of the
right of appeal, the current boundaries of the shifting landscape of criminal
appeals in Texas.  








                           I.  THE RIGHT OF APPEAL IN CRIMINAL CASES








Texas law provides the
defendant in a criminal case a statutorily created right of appeal.  Tex.
Code Crim. Proc. Ann.  art. 44.02 (Vernon 1979 &
Supp. 2003).[2]  Procedural rules govern when and how an appeal
may proceed but may not enlarge, abridge, or modify a legislatively granted
right of appeal.  Tex. Gov=t Code Ann. ' 22.108 (Vernon Supp. 2003); Johnson
v. State, 84 S.W.3d 658, 661 (Tex. Crim. App.
2002).  

   II.  WHEN APPELLATE COURT JURISDICTION IS INVOKED
IN CRIMINAL CASES

                           A.  The Necessity of a Timely Notice of Appeal








Both before and after January 1, 2003, the absence of
a timely, written notice of appeal prevents us from acquiring jurisdiction over
a criminal appeal.  See Tex. R. App. P. 26.2 (Vernon Supp.
1997 & 2003) (imposing deadline for filing notice of appeal in criminal
cases); see also Tex. R. App. P. 26.3
(Vernon Supp. 1997 & 2003)  (imposing
deadline and requirements for filing motion for extension of time to file notice
of appeal in criminal cases); see also Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  An untimely notice of appeal cannot be
amended to invoke our jurisdiction.  Pickens
v. State, 105 S.W.3d 746, at *5 (Tex. App.BAustin 2003, no
pet. h.). 

                   B.  Amendment of Timely But Defective Notices of
Appeal








Former rule 25.2(d) permitted a defendant to file an amended notice of
appeal to cure any defects in a timely, earlier filed notice.  Tex.
R. App. P. 25.2(d) (Vernon Supp. 1997, amended effective January 1,
2003)[3];
Bayless, 91 S.W.3d at 805‑06. Amendment of a timely
notice of appeal is permitted any time before the defendant=s brief is filed.  Bayless, 91 S.W.3d
at 803 n.2.  








Until Bayless, the Texas Court of Criminal Appeals addressed as
a jurisdictional issue the question presented by a general notice of appeal
following a negotiated guilty plea in a felony case.[4]  In conforming with the directives of the
court of criminal appeals, as we must, in the past we have addressed as a
jurisdictional issue the question presented by a general notice of appeal
following a negotiated plea in a felony case. 
See, e.g., Ramirez v. State, 89 S.W.3d 222, 225 (Tex.
App.BCorpus
Christi 2002, no pet.).

However, the court of criminal appeals now has directed that defects
in timely notices of appeal that do not affect whether the filed instrument is
actually a notice of appeal do not prevent us from acquiring jurisdiction.  Bayless, 91 S.W.3d
at 803 n.2.  Rather, defects in
a timely notice of appeal limit only our review of the issues the appellant
raised on appeal, not our jurisdiction.  Id.  In other words, if a defendant filed a
general notice of appeal, Aamendments to the
notice can be made any time prior to the filing of the defendant=s brief.@  Id. at 806; see Sipple v.
State, 98 S.W.3d 225, 226 (Tex. Crim. App. 2003) (per
curiam) (reversing and remanding for reconsideration in light of Bayless
court of appeals= dismissal of appeal
for want of jurisdiction); see also Dawson v. State, 106 S.W.3d
388, at *2‑*3 (Tex. App.BHouston [1st
Dist.] 2003, no pet. h.) (reaching merits of appeal after remand for
reconsideration in light of Bayless). 









Thus, the question presented by a general notice of appeal that
remained unamended after the appellant=s brief was filed was
not whether we had jurisdiction over the appeal, but whether we had the power
to address the merits of the appellant=s claims.  Rauscher v. State,
97 S.W.3d 148, 149 (Tex. Crim. App. 2003) (per curiam); Bayless,
91 S.W.3d at 803 n.2.[5]  Accordingly, once a criminal defendant
invokes our jurisdiction by filing a general notice of appeal, we then must
determine how the appeal may proceed.  
Since January 1,
 2003, we turn to the certification of the right to appeal, not the
notice of appeal, to make that determination.   


                               III.  HOW A CRIMINAL APPEAL PROCEEDS

                                        A.  Applicable Appellate Rules

 

This case was pending before this Court on January
 1, 2003, the effective date of the 2003 amendments to the rules of appellate
procedure applicable to criminal appeals. 
The threshold question to address in a criminal appeal pending on the
effective date of amendments to the rules of appellate procedure is what
version of the applicable rules controls. 
We first must decide whether we apply the current rules retroactively or
prospectively from the effective date of the amendments.  If retroactively, we apply the amendments to
all criminal appeals pending on the effective date of the amendments.  Also required is a decision about which event
provides the controlling date:  entry of
judgment or other appealable order, filing of a notice of appeal, filing of
appellant=s brief, or some other
event.  

      1.  Application of the 2003 TRAP Amendments to
Pending Criminal Appeals








Generally, rules altering procedure do not fall within the prohibition
in the Texas Constitution against retroactive application of laws that disturb
vested, substantive rights.  Tex. Const. art. I, ' 16; Ibarra v.
State, 11 S.W.3d 189, 192 (Tex. Crim. App. 1999).  We note that former rule 25.2(b)(3), which
replaced former rule 40(b)(1) in 1997, applied to all appeals pending
on the effective date of the amendment unless Aapplication would not be feasible or would work
injustice.@  Villanueva v. State, 977 S.W.2d
693, 694 (Tex. App.BFort Worth 1998, no
pet.) (per curiam) (quoting Court of Criminal Appeals Final Approval, 60 Tex. B.J. 876 (Tex. Crim. App.
Aug. 1997)).  As the trial court
observed in its request for reconsideration of our abatement order, the court
of criminal appeals= order adopting the
2003 amendments provides no such direction. 









Current rule 25.2(a)(2) mandates that A[t]he trial court shall enter a certification of
the defendant=s right of appeal in every
case in which it enters a judgment of guilt or other appealable order.@  Tex. R. App. P. 25.2(a)(2)
(Vernon Supp. 2003).  Further, current rule 25.2(d) mandates that
an appeal Amust be dismissed if a
certification that shows the defendant has the right of appeal has not been
made part of the record under these rules.@  Tex. R. App. P. 25.2(d) (Vernon Supp. 2003).[6]  No certification of the defendant=s right of appeal in a
criminal case was required by the former rules of appellate procedure before January 1, 2003.  Tex. R. App. P. 25.2(a)(2) (Vernon Supp. 1997, amended effective
January 1, 2003).[7]  Therefore, trial courts have not provided, nor
have defendants requested preparation of, certifications of the right of appeal
in cases disposed of before the effective date of the amendment. 

Nonetheless, after careful consideration, we have decided to apply the
current rules of appellate procedure governing how criminal appeals proceed to
all criminal cases pending before this Court on January
 1, 2003.  The next question we address
is what event commences an appeal for purposes of application of the 2003
amendments to the rules of appellate procedure. 


                                                2.  Triggering Event

We already have noted that a timely general notice of appeal confers
jurisdiction on this Court.  Bayless,
91 S.W.3d at 803 n.2. 
Therefore, we have decided that the date of filing of the defendant=s notice of appeal
determines whether we apply the 2003 amendments to the rules of appellate procedure
applicable to criminal cases.  Having
determined which appellate rules apply, we now address, for the benefit of
bench and bar in preparing certifications of the right of appeal under the
current rules, the power we have to review issues raised by a criminal appeal.[8]  








           B.  Limitations Imposed on Criminal Appeals
before January 1, 2003

by Former Rule
40(b)(1) and Former Rule 25.2(b)(3)

 

For appeals commenced before January 1,
 2003, Texas law limited a
defendant=s right of
appellate review following a plea entered in a felony case pursuant to an
agreed punishment recommendation if Athe punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed
to by the defendant.@  Tex. R. App. P. 25.2(b)(3) (Vernon Supp. 1997,
amended effective January 1, 2003)[9];
Ramirez,
89 S.W.3d at 225.  In that event,
to comply with the extra-notice requirements of former rule 25.2(b)(3), the
notice of appeal must have: (1) specified that the appeal was for a jurisdictional
defect; (2) specified that the substance of the appeal was raised by
written motion and ruled on before trial; or (3) stated that the trial
court granted permission to appeal.  Tex.
R. App. P. 25.2(b)(3)
(Vernon Supp. 1997, amended effective January 1, 2003)[10]; Ramirez,
89 S.W.3d at 225.  This provision of
former rule 25.2(b)(3) was incorporated in part into the current rules
regarding preparation of certifications of the right of appeal.  An Aagreed punishment
recommendation@ is still required
before limitations on our review power apply. 


               1.  What Constitutes an AAgreed Punishment
Recommendation@








An agreement between the State and a defendant may be a plea
bargain without having as one of its terms an agreed punishment recommendation
that is followed by the trial court.  Ramirez,
89 S.W.3d at 225 n.4.  Any
concession by the State in exchange for the defendant=s guilty plea
creates a plea bargain.  Id.  Only a plea bargain that incorporates an
agreed recommendation as to punishment and is accepted by the court, however,
triggers restrictions on our review power. 
Id.  We note that the form promulgated by the
court of criminal appeals for use by the bench and bar in preparing
certifications of the right of appeal does not differentiate between Aplea bargain@ and Aagreed punishment
recommendation that the trial court followed.@ 

     2. 
Limitations on Review of Issues Not Enumerated in Former Rule 25.2(b)(3)

                    a.  Limitation on Appellate Review of
Voluntariness Issue

We have no power to review an appeal by a criminal defendant of issues
associated with the voluntariness of a felony plea entered pursuant to an
agreed punishment recommendation that the trial court followed.  Cooper v. State,
45 S.W.3d 77, 81 (Tex. Crim. App.
2001).  The court of criminal appeals reasoned:

Experience has
shown us that most cases of involuntary pleas result from circumstances that
existed outside the record, such as misunderstandings, erroneous information, impaired
judgment, ineffective assistance of counsel, and plea-bargains that were not
followed or turn out to be impossible of performance. The legislature
reasonably determined to eliminate a small number of meritorious appeals to
prevent a much larger number of meritless appeals.

 

This decision
may be seen as even more reasonable when it is remembered that meritorious
claims of involuntary pleas may be raised by other procedures: motion for new
trial and habeas corpus. These procedures are not only adequate to resolve
claims of involuntary pleas, but they are superior to appeal in that the claim
may be supported by information from sources broader than the appellate record.

 

Id. (footnote
omitted).  








    b.  Limitation on Appellate Review of Ineffective-Assistance-of-Counsel
Issues

AThe plain import of
[former rule 25.2(b)(3)] is that appeals from plea-bargain cases are limited to
the situations set forth in the rule.@  Woods v. State,
108 S.W.3d 314, at *4-*5 (Tex. Crim. App.
2003).  As with voluntariness issues, we
have no power to review an appeal by a criminal defendant of
ineffective-assistance-of-counsel claims arising out of a felony plea entered
pursuant to an agreed punishment recommendation that the trial court followed.  Id.  

                             3.  Compliance in Substance as Well as Form








It was not enough that the form of a notice of appeal filed before January 1, 2003 comply with the extra-notice requirements of
former rule 25.2(b)(3).  Flores v. State, 43 S.W.3d 628, 629 (Tex. App.BHouston [1st Dist.]
2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492
(Tex. App.BDallas 1999, no
pet.).  The record must have
substantiated the specific allegations in the notice of appeal.  Woods, 108 S.W.3d 314, at
*5; Flores, 43 S.W.3d at 629; Betz v. State,
36 S.W.3d 227, 228 (Tex. App.BHouston [14th Dist.]
2001, no pet.).  Thus, the record must
have substantiated a lack of jurisdiction in the trial court if an appellant
specified in the notice of appeal pursuant to former rule 25.2(b)(3) that the
appeal was for jurisdictional defects.  Woods,
108 S.W.3d 314, at *5; Betz, 36 S.W.3d at 228.  Similarly, the record must have contained
written motions ruled on before trial if an appellant specified in the notice
of appeal that the appeal was pursuant to former rule 25.2(b)(3)(B) or
reflected the trial court=s permission to appeal
pursuant to former rule 25.2(b)(3)(C). 
Betz, 36 S.W.3d at 228. 


                           4.  Exception for Errors Unrelated to Conviction

A defendant was not required to comply with the extra-notice provisions
of former rule 25.2(b)(3) to challenge issues unrelated to the conviction,
including asserted errors in the process by which the defendant was
punished.  Vidaurri v. State,
49 S.W.3d 880, 883 (Tex. Crim. App. 2001); see May v. State,
106 S.W.3d 375, at *2 n.4 (Tex. App.BCorpus Christi 2003, no pet. h.) (applying Vidaurri
to appeal commenced after January 1, 2003 to hold requirements
of current rule 25.2(a)(2) inapplicable to claim of error in
misapplication of mandatory sentencing statute).   We note that the form promulgated by the
court of criminal appeals for use by the bench and bar in preparing
certifications of the right of appeal does not include the exception for errors
unrelated to the conviction.  

       5. 
Application to Appeals Following Imposition of Community Supervision








There are two kinds of community supervision. ARegular@ community
supervision means placing a defendant under a continuum of programs and sanctions
for a specified period after conviction and sentencing, during which period
imposition of sentence is suspended in whole or in part.  ADeferred
adjudication@ community
supervision means placing a defendant under a continuum of programs and sanctions
for a specified period before adjudicating guilt and, consequently, before
sentencing. Tex. Code Crim. Proc. Ann.
art. 42.12, ' 2(2) (Vernon
Supp. 2003).  Imposition and revocation of
both regular and deferred adjudication community supervision proceed in the
same way through imposition of terms and conditions, notice of revocation, and
revocation hearing.  Tex. Code Crim. Proc. Ann.
art. 42.12, '' 3, 5(b), 21, 23
(Vernon Supp. 2003). 


                     a.  Application to Imposition of Community
Supervision

An appeal from imposition of regular community supervision must be
taken at the time the trial court imposes the terms and conditions.  Corley v. State,
782 S.W.2d 859, 860 (Tex. Crim. App. 1989).  A felony defendant whose appeal from the trial court=s imposition of
regular community supervision pursuant to an agreed punishment recommendation
that the trial court followed was concluded before January
 1, 2003 was
required to file the particularized notice of appeal mandated by former
rule 25.2(b)(3).  See Tex.
R. App. P. 25.2(b)(3)
(Vernon Supp. 1997, amended effective January 1, 2003)[11];
Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim.
App. 1991) (and cited cases).  








Similarly, a defendant also must appeal the trial court=s imposition of
deferred adjudication community supervision at the time it is ordered.  Tex.
Code Crim. Proc. Ann. art. 44.01(j) (Vernon Supp. 2003); Nix
v. State, 65 S.W.3d 664, 667 (Tex. Crim.
App. 2001); Manuel, 994 S.W.2d at 661‑62.  As with an appeal from imposition of regular
community supervision, a felony defendant who appealed from the imposition of
deferred adjudication community supervision pursuant to an agreed punishment
recommendation that the trial court followed also was required to file the
particularized notice of appeal required by former rule 25.2(b)(3).  Woods v. State,
68 S.W.3d 667, 669 (Tex. Crim. App. 2002) (and cited
cases).  

b.  Application to Community
Supervision Revocation Proceedings

                         (1)  Revocation of Regular Community Supervision








Section 23(b) of article 42.12 of the code of criminal procedure
affords a defendant an unrestricted right to appeal from an order revoking
regular community supervision, even if that community supervision was the
result of an agreed punishment recommendation.  Tex. Code Crim. Proc. Ann. art. 42.12,
' 23(b) (Vernon
Supp. 2003); Feagin v. State, 967 S.W.2d 417, 419 (Tex.
Crim. App. 1998); Mitich v. State, 47 S.W.3d 137, 140 (Tex. App.BCorpus Christi 2001,
no pet.).  The restrictive proviso of
former rule 25.2(b)(3) did not apply to a pre-January 1, 2003 appeal Aattacking the
propriety of orders revoking probation.@  See Feagin,
967 S.W.2d at 419 (interpreting former rule 40(b)(1), which
was amended and replaced in 1997 by former rule 25.2(b)(3)).  A defendant appealing from revocation of
regular community supervision did not appeal from a judgment rendered on a plea
of guilty or nolo contendere under article 1.15 of the code of criminal
procedure.  See Tex. R. App. P. 25.2(b) (Vernon
Supp. 1997, amended effective January 1, 2003).[12]  A plea of true is not Aa plea of guilty or
nolo contendere under article 1.15  of
the code of criminal procedure.@  See id.  In such circumstances, the agreed punishment
recommendation that the defendant and the State entered into was complete when
the trial judge originally placed the defendant on community supervision, and
section 23(b) of article 42.12 governs appeals from revocation of
regular community supervision, not former rule 25.2(b)(3).  See Feagin,
967 S.W.2d at 419.  Thus,
an appeal concluded before January 1, 2003 proceeded without limitation on
our power to review any errors raised by the appellant with regard to a regular
community supervision revocation proceeding, even revocations pursuant to an
agreed punishment recommendation.[13]  See id.; see also Mitich,
47 S.W.3d at 140.  As with the right
to appeal errors unrelated to conviction, the form promulgated by the court of
criminal appeals for use by the bench and bar in preparing certifications of
the right of appeal does not include the right to appeal from revocation of
regular community supervision. 

              (2)  Revocation of Deferred Adjudication Community
Supervision








The process for revoking deferred adjudication community supervision
is the same as revocation proceedings in regular community supervision
cases.  See Tex. Code Crim. Proc. Ann. art. 42.12, '' 5(b), 21,
23(a) (Vernon Supp. 2003).  However, the
resemblance between deferred adjudication and regular community supervision
revocation proceedings ends there.  The
distinction arises from the trial court=s deferral of a
finding of guilt when imposing deferred adjudication community
supervision.  See Tex. Code Crim. Proc. Ann.
art. 42.12 ' 5(b) (Vernon Supp.
2003).  Appeal from the revocation of
deferred adjudication community supervision is strictly limited by
statute.  Id.  

                                        (a)  The Adjudication Decision

The code of criminal procedure expressly denies a defendant the right
to appeal a trial court=s adjudication
decision:

On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained as
provided in Section 21 of this article. The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. 
No appeal may be taken from this determination. After an
adjudication of guilt, all proceedings, including assessment of punishment, pronouncement
of sentence, granting of community supervision, and defendant's appeal continue
as if the adjudication of guilt had not been deferred.  








Id. (emphasis
added).  Thus, revocation of deferred
adjudication community supervision involves a component that proceedings
revoking regular community supervision do not: 
the adjudication decision.  Issa
v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992)
(per curiam).  Section 5(b) of
article 42.12 prohibits a defendant who has been adjudicated guilty of the
original charge from raising on appeal contentions of error in the adjudication
decision.  Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999). 
The court of criminal appeals has made it clear, @given the plain
meaning@ of section 5(b) of
article 42.12, that an appellant whose deferred adjudication probation has
been revoked and who has been adjudicated guilty of the original charge may not
raise on appeal contentions of error in the adjudication-of-guilt process.  Id. 
Included within the term Aadjudication-of-guilt
process@ are challenges to
sufficiency of the notice contained in the terms and conditions of deferred
adjudication probation, adequacy of the State=s notice of violation, and sufficiency of the
evidence to support the trial court=s revocation
decision.  See id. (and cited
cases).  

Applying Bayless to limit our review power and not our
jurisdiction, we conclude that we do not dismiss for want of jurisdiction
appeals to the trial court=s adjudication
determination.  See Bayless,
91 S.W.3d at 805-06.  Rather,
pursuant to the prohibition in section 5(b) of article 42.12, we overrule
any issue challenging the trial court=s adjudication
determination, just as we would any other issue that the appellant has
procedurally waived.  Tex. Code Crim. Proc. Ann.
art. 42.12, ' 5(b) (Vernon
Supp. 2003); see Allen v. State, 84 S.W.3d 413, 418 (Tex.
App.BFort Worth 2002, no
pet.) (Dauphinot, J., dissenting).  

           (b)  The Assessment of Punishment and
Pronouncement of Sentence








For the purpose of applying former rule 25.2(b)(3), when a prosecutor
recommended deferred adjudication in exchange for a defendant=s plea of guilty or
nolo contendere, the trial court did not exceed that recommendation if, on
proceeding to an adjudication of guilt, the court later assessed any punishment
within the range allowed by law.  Vidaurri,
49 S.W.3d at 885 (citing Watson v. State, 924 S.W.2d 711, 714
(Tex. Crim. App. 1996)).[14]  Thus, former rule 25.2(b)(3) controlled our
review power over an appeal brought after an adjudication of guilt by a
defendant placed on deferred adjudication community supervision pursuant to an
agreed punishment recommendation.  Tex. R. App. P. 25.2(b)(3) (Vernon
Supp. 1997, amended effective January 1, 2003); Tex. Code Crim. Proc. Ann. art. 42.12 ' 5(b) (Vernon Supp. 2003); Tex. Code Crim. Proc. Ann. art.
44.01(j) (Vernon Supp. 2003); Woods, 68 S.W.3d at 669 (and cited
cases).  However, the extra-notice requirements
of former rule 25.2(b)(3) did not apply to an appeal from a judgment
adjudicating guilt when the issues raised by the appeal related to the
punishment phase.  See Kirtley
v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001) (citing Vidaurri,
49 S.W.3d at 884). 








Once the trial court adjudicates the guilt of a defendant on deferred
adjudication community supervision, the assessment of punishment,  pronouncement of sentence,  and the defendant=s appeal continue as
if the adjudication of guilt had not been deferred.  Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2003).  Thus, a defendant may appeal from a judgment
adjudicating guilt when the issues raised by the appeal relate not to the
adjudication decision but to the punishment phase.  See id.; see also
Kirtley, 56 S.W.3d at 51-52 (addressing claim of ineffective
assistance of counsel at punishment phase following adjudication of
guilt).  As with the right to appeal
errors unrelated to conviction and from revocation of regular community
supervision, the form promulgated by the court of criminal appeals for use by
the bench and bar in preparing certifications of the right of appeal does not
include the right to appeal issues related to the punishment phase following an
adjudication of guilt. 

                                                 IV.  CONCLUSION

We grant the trial court=s request for
additional time to prepare a certification of Davis=s right of
appeal.  Accordingly, pursuant to current
rule 34.5(c)(1), this Court requests supplementation of the record in this
case within thirty days of the date of this order to include a certification of
Davis=s right to appeal
issues associated with the assessment of his punishment and
pronouncement of sentence following his adjudication of guilt. 
Tex. R. App. P. 34.5(c)(1), 34.5(c)(2).  We extend the original period of abatement for an
additional thirty days from the date of this opinion.   

 

 

 

PER
CURIAM

 

 

Publish.

Tex.
R. App. P.
47.2(b).

 

Opinion delivered and
filed 

this 20th day of
August, 2003.

 











[1]
For ease of reference throughout this order in referring to former and current
rules of appellate procedure, we refer to rules effective before January 1,
2003 as Aformer@
and rules effective January 1, 2003 as Acurrent.@






[2]
As adopted in 1977, article 44.02 then read:

 

A
defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed, provided, however, before the defendant who has been
convicted upon either his plea of guilty or plea of nolo contendere before the
court and the court, upon the election of the defendant, assesses punishment
and the punishment does not exceed the punishment recommended by the prosecutor
and agreed to by the defendant and his attorney may prosecute his appeal, he must
have permission of the trial court, except on those matters which have been
raised by written motion filed prior to trial. 
This article in no way affects appeals pursuant to Article 44.17 of this
chapter.  

Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon 1977), as amended by repeal of Aproviso
only@ pursuant to
Acts 985, 69th Leg., ch. 685, ' 4
by orders of the Texas Court of Criminal Appeals dated December 18, 1985,
707‑708 S.W.2d XXX‑XXXI (Tex. Cases 1986), and April 10, 1986, 713‑714 S.W.2d XXXIX‑XXX
(Tex. Cases 1986), adopting rule 40(b)(1) of the Texas Rules of Appellate
Procedure (effective September 1, 1986). 
Rule 40(b)(1) then read:

 

Appeal
is perfected in a criminal case by giving timely notice of appeal; except, it
is unnecessary to give notice of appeal in death penalty cases.  Notice of appeal shall be given in writing
filed with the clerk of the trial court. 
Such notice shall be sufficient if it shows the desire of the defendant
to appeal from the judgment or other appealable order; but if the judgment was
rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15,
Code of Criminal Procedure, and the punishment assessed does not exceed the
punishment recommended by the prosecutor and agreed to by the defendant and his
attorney, in order to prosecute an appeal for a nonjurisdictional defect or
error that occurred prior to entry of the plea the notice shall state that the
trial court granted permission to appeal or shall specify that those matters
were raised by written motion and ruled on before trial.  The clerk of the trial court shall note on
copies of the notice of appeal the number of the cause and the day that notice
was filed, and shall immediately send one copy to the clerk of the appropriate
court of appeals and one copy to the attorney for the State.   

 

Tex. R. App. P. 40(b)(1) (Vernon Supp.
1986) as amended by Tex. R. App. P. 25.2(b),
948-949 S.W.2d XCVI (Tex. Cases 1997) (effective September 1, 1997, amended
2003).  Former
rule 25.2(b) provided:

 

(b)           Form and sufficiency of notice.  

 

(1)           Notice must be given in writing and
filed with the trial court clerk.  

 

(2)           Notice is sufficient if it shows the
party=s desire to
appeal from the judgment or other appealable order, and, if the State is the
appellant, the notice complies with Code of Criminal Procedure article 44.01.

 

(3)           But if the appeal is from a judgment
rendered on the defendant=s plea of
guilty or nolo contendere under Code of Criminal Procedure article 1.15, and
the punishment assessed did not exceed the punishment recommended by the
prosecutor and agreed to by the defendant, the notice must:

 

(A)           specify that the appeal is for a
jurisdictional defect;

 

(B)           specify that the substance of the
appeal was raised by written motion and ruled on before trial; or

 

(C)           state that the trial court granted
permission to appeal.  

 

Tex. R. App. P. 25.2(b) (Vernon Supp.
1997) as amended by Tex. R. App. P. 25.2(a)(2),
90-91 S.W.3d XXII (Tex. Cases 2003) (effective January 1, 2003).   Current rule 25.2(a)(2) provides:

 

A
defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. 
The trial court shall enter a certification of the defendant=s
right of appeal in every case in which it enters a judgment of guilt or other
appealable order.  In a plea bargain case
B that is, a
case in which a defendant=s plea was
guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant B
a defendant may appeal only:

 

(A)           those matters that were raised by
written motion filed and ruled on before trial; or

 

(B)           after getting the trial court=s
permission to appeal.  

 

Tex. R. App. P. 25.2(a)(2)
(Vernon Supp. 2003).  Because we prefer
simplicity, we cite throughout this order to the text of each rule printed in
Vernon=s supplement
published in the first year of the rule=s
effective date.   





[3]
Former rule 25.2(d) provided:

 

(d)
          Amending the Notice.  An amended notice of appeal correcting a defect
or omission in an earlier filed notice may be filed in the appellate court at
any time before the appellate brief is filed. 
The amended notice is subject to being struck for cause on the motion of
any party affected by the amended notice. 
After the appellant=s
brief is filed, the notice may be amended only on leave of the appellate court
and on such terms as the court may prescribe. 


 

Tex. R. App. P. 25.2(d),
948-949 S.W.2d XCVI (Tex. Cases 1997) (effective September 1, 1997, amended
2003).  Current
rule 25.2(f) provides:

 

                (f)
           Amending the Notice.  An amended notice of appeal or trial court=s
certification of the defendant=s
right of appeal correcting a defect or omission in an earlier filed notice or certification
may be filed in the appellate court in accordance with Rule 37.1, or at any
time before the appealing party=s
brief is filed if the court of appeals has not used Rule 37.1.  The amended notice or certification is
subject to being struck for cause on the motion of any party affected by the
amended notice or certification.  After
the appealing party=s brief is
filed, the notice or certification may be amended only on leave of the
appellate court and on such terms as the court may prescribe.  

 

Tex. R. App. P. 25.2(f) (Vernon Supp.
2003), 90-91 S.W.3d XXIII (Tex. Cases 2003) (effective January 1,
2003).   Current rule 37.1 provides:

 

If
the appellate clerk determines that the notice of appeal or certification of
defendant=s right of
appeal in a criminal case is defective, the clerk must notify the parties of
the defect so that it can be remedied, if possible.  If a proper notice of appeal or certification
of a criminal defendant=s right of
appeal is not filed in the trial court within 30 days of the date of the clerk=s
notice, the clerk must refer the matter to the appellate court, which will make
an appropriate order under this rule or Rule 34.5(c)(2).

 

Tex. R. App. P. 37.1 (Vernon Supp.
2003), 90-91 S.W.3d XXVII (Tex. Cases 2003) (effective January 1,
2003).   Current rule 34.5(c) provides:

 

                (c)
          Supplementation.  

 

                                (1)
          If a relevant item has been
omitted from the clerk=s record, the
trial court, the appellate court, or any party may by letter direct the trial
court clerk to prepare, certify, and file in the appellate court a supplement
containing the omitted item.  

 

                                (2)
          If the appellate court in a
criminal case orders the trial court to prepare and file findings of fact and
conclusions of law as required by law, or certification of the defendant=s
right of appeal as required by these rules, the trial court clerk must prepare,
certify, and file in the appellate court a supplemental clerk=s
record containing those findings and conclusions.  

 

                                (3)
          Any supplemental clerk=s
record will be part of the appellate record. 


  

Tex. R. App. P. 34.5(c)
(Vernon Supp. 2003), 90-91 S.W.3d XXVI (Tex. Cases 2003) (effective
January 1, 2003).  Again because we prefer simplicity, we cite
throughout this order to the text of each rule printed in Vernon=s
supplement published in the first year of the rule=s
effective date.   





[4]
See, e.g., Johnson v. State, 84 S.W.3d 658, 659 (Tex. Crim. App. 2002) (AIn
this case we reaffirm the rule that a defendant=s
>general=
notice of appeal from a plea-bargained conviction does not invoke the
jurisdiction of the Court of Appeals.@);
Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002) (holding that
failure of appellant to follow former rule 25.2(b)(3) deprives appellate court
of jurisdiction over appeal); White v. State, 61 S.W.3d 424, 428‑29
(Tex. Crim. App. 2001) (holding that general notice of appeal does not invoke
appellate jurisdiction over issues related to conviction);  Gearhart v. State,
870 S.W.2d 43, 46 (Tex. Crim. App. 1994) (holding that general notice
of appeal did not confer jurisdiction on court of appeals under former rule
40(b)(1)).  





[5]
We conclude that an unamended general notice of appeal filed by a
defendant before January 1, 2003 after a felony plea pursuant to an agreed
punishment recommendation presented a waiver issue, not a question of
jurisdiction. We note that treatment of compliance with
the particularized notice requirements of former rule 25.2(b)(3) as waiver
rather than a jurisdictional issue is consistent with the review of errors
asserted by a defendant who pleaded guilty without the benefit of a negotiated
plea.  See Ramirez v. State,
89 S.W.3d 222, 228 (Tex. App.BCorpus
Christi 2002, no pet.) (quoting Young v. State,
8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000)) (holding that
waiver by non-negotiated guilty plea occurs Awhen
the judgment of guilt was rendered independent of, and is not supported by, the
error.@). 





[6]
See note 3.  





[7]
See note 2.  





[8]
We assume, until directed otherwise by the court of criminal appeals, that the
body of case law interpreting appellate rules governing how criminal appeals
proceed applies to the current rules.





[9]
See note 2.





[10]
See note 2.





[11]
See note 2. 






[12]
See note 2. 






[13]
Similarly, neither former rule 40(b)(1) nor former rule 25.2(b)(3) imposed
limitations on notices of appeal following misdemeanor pleas entered pursuant
to an agreed punishment recommendation.  See
Tex. R. App. P. 40(b)(1)
(Vernon Supp. 1986) (repealed); Tex. R.
App. P. 25.2(b)(3) (Vernon Supp. 1997, amended effective January 1,
2003); see also Lemmons v. State,
818 S.W.2d 58, 63 (Tex. Crim. App. 1991) (per curiam) (interpreting former
rule 40(b)(1)); Alvorado v. State, 83 S.W.3d 203, 204 (Tex. App.BAmarillo
2002, no pet.) (holding that defendant appealing misdemeanor conviction entered
as result of plea pursuant to agreed punishment recommendation not limited by
particularized notice requirements of former rule 25.2(b)(3) but that
court of appeals nonetheless lacked jurisdiction because proviso of article
44.02 still applied to limit appeals from misdemeanor pleas).  We note that former rules 40(b)(1) and
25.2(b)(3) specifically referred to pleas entered pursuant to
article 1.15, which governs pleas in non-capital felony cases.  Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2003).  See note 2.  We express no
opinion at this time about the effect of the removal of any reference to
rule 1.15 from current rule 25.2(a)(2).  Tex.
R. App. P. 25.2(a)(2) (Vernon Supp. 2003).  See note 3.   





[14]
The court of criminal appeals limited Watson to this proposition in Vidaurri
v. State, 49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001) and Feagin
v. State, 967 S.W.2d 417, 418 (Tex. Crim. App. 1998).