NUMBER 13-02-169-CR



COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS


 

CORPUS CHRISTI - EDINBURG







WILLIAM RAY GEARHART
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 105th District Court


of Kleberg County, Texas.








OPINION ON TRIAL COURT'S REQUEST TO RECONSIDER ABATEMENT ORDER


Before Chief Justice Valdez and Justices Rodriguez and Castillo


Opinion Per Curiam



 On March 8, 2002, appellant William Ray Gearhart invoked our jurisdiction by
filing a timely notice of appeal, generally asserting his desire to appeal. See Bayless
v. State, 91 S.W.3d 801, 805-06 (Tex. Crim. App. 2002). While his appeal was
pending, the rules of appellate procedure applicable to criminal appeals were amended
effective January 1, 2003. (1) This Court has determined that the current rules apply to
all criminal cases on appeal as of the effective date of the amendments. Accordingly,
we abated all pending criminal appeals, including Gearhart's, and ordered the trial court
to prepare and supplement the record within fourteen days with certifications of each
defendant's right of appeal as required by current rule 25.2(a)(2). See Tex. R. App.
P. 25.2(a)(2). 

 The trial court has filed a request for us to reconsider our abatement order or,
alternatively, to provide additional time for the preparation and filing of the
certification. The trial court points out that: (1) the court of criminal appeals has not
ordered retroactive application of the amended rules; (2) the former rules applicable to
criminal appeals effectively preserved a defendant's rights; (3) the trial court's duties
in providing a certification of the right of appeal require review and examination of
each case; and (4) the form promulgated by the court of criminal appeals for use by
trial courts in preparing certifications of the right of appeal provide for signature by
prosecuting and defense counsel as well as by the defendant personally. Eloquently
describing scant resources and logistical impediments to its compliance with our order,
the trial court requests that we either rescind our decision to apply the current rules
to all pending criminal appeals because of the burden it imposes or provide additional
time for the trial court to review the cases subject to our abatement orders, prepare
the certifications, and obtain the necessary signatures. 

 In deciding to apply the current rules retroactively, we considered our pooled
experience as lawyers, trial judges, and appellate justices in addressing the continuing
and vexing problem of how a criminal appeal proceeds in Texas. We reviewed our
criminal docket. We analyzed the approaches taken by our sister intermediate
appellate courts to application of the current rules. We considered the administrative
burden that retroactive application of the current rules to pre-2003 cases would
impose on trial courts. After careful consideration, we decided that the current rules
of appellate procedure governing criminal appeals apply to all criminal cases pending
before this Court on January 1, 2003. We respectfully deny the trial court's request
to reconsider our abatement order. We grant its request for additional time to comply
as ordered below. 

 The trial court's reasoned request concerns us, however, and we note that the
abbreviated form promulgated by the court of criminal appeals for use by the bench
and bar in preparing certifications of the right of appeal does not contemplate certain
rights of appeal even "plea bargain" defendants enjoy in the State of Texas. 
Accordingly, we take this opportunity to discuss, for the benefit of bench and bar in
preparing certifications of the right of appeal, the current boundaries of the shifting
landscape of criminal appeals in Texas. 

I. THE RIGHT OF APPEAL IN CRIMINAL CASES


 Texas law provides the defendant in a criminal case a statutorily created right
of appeal. Tex. Code Crim. Proc. Ann.  art. 44.02 (Vernon 1979 & Supp. 2003). (2) Procedural rules govern when and how an appeal may proceed but may not enlarge,
abridge, or modify a legislatively granted right of appeal. Tex. Gov't Code
Ann. § 22.108 (Vernon Supp. 2003); Johnson v. State, 84 S.W.3d 658, 661 (Tex.
Crim. App. 2002). 

II. WHEN APPELLATE COURT JURISDICTION IS INVOKED IN CRIMINAL CASES


A. The Necessity of a Timely Notice of Appeal


 Both before and after January 1, 2003, the absence of a timely, written notice
of appeal prevents us from acquiring jurisdiction over a criminal appeal. See Tex. R.
App. P. 26.2 (Vernon Supp. 1997 & 2003) (imposing deadline for filing notice of
appeal in criminal cases); see also Tex. R. App. P. 26.3 (Vernon Supp. 1997 & 2003) 
(imposing deadline and requirements for filing motion for extension of time to file
notice of appeal in criminal cases); see also Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996). An untimely notice of appeal cannot
be amended to invoke our jurisdiction. Pickens v. State, 105 S.W.3d 746, at *5 (Tex.
App.-Austin 2003, no pet. h.). 

B. Amendment of Timely But Defective Notices of Appeal


 Former rule 25.2(d) permitted a defendant to file an amended notice of appeal
to cure any defects in a timely, earlier filed notice. Tex. R. App. P. 25.2(d) (Vernon
Supp. 1997, amended effective January 1, 2003) (3); Bayless, 91 S.W.3d at 805-06.
Amendment of a timely notice of appeal is permitted any time before the defendant's
brief is filed. Bayless, 91 S.W.3d at 803 n.2. 

 Until Bayless, the Texas Court of Criminal Appeals addressed as a jurisdictional
issue the question presented by a general notice of appeal following a negotiated guilty
plea in a felony case. (4) In conforming with the directives of the court of criminal
appeals, as we must, in the past we have addressed as a jurisdictional issue the
question presented by a general notice of appeal following a negotiated plea in a felony
case. See, e.g., Ramirez v. State, 89 S.W.3d 222, 225 (Tex. App.-Corpus
Christi 2002, no pet.).

 However, the court of criminal appeals now has directed that defects in timely
notices of appeal that do not affect whether the filed instrument is actually a notice
of appeal do not prevent us from acquiring jurisdiction. Bayless, 91 S.W.3d
at 803 n.2. Rather, defects in a timely notice of appeal limit only our review of the
issues the appellant raised on appeal, not our jurisdiction. Id. In other words, if a
defendant filed a general notice of appeal, "amendments to the notice can be made
any time prior to the filing of the defendant's brief." Id. at 806; see Sipple v. State,
98 S.W.3d 225, 226 (Tex. Crim. App. 2003) (per curiam) (reversing and remanding
for reconsideration in light of Bayless court of appeals' dismissal of appeal for want
of jurisdiction); see also Dawson v. State, 106 S.W.3d 388, at *2-*3 (Tex.
App.-Houston [1st Dist.] 2003, no pet. h.) (reaching merits of appeal after remand for
reconsideration in light of Bayless). 

 Thus, the question presented by a general notice of appeal that remained
unamended after the appellant's brief was filed was not whether we had jurisdiction
over the appeal, but whether we had the power to address the merits of the
appellant's claims. Rauscher v. State, 97 S.W.3d 148, 149 (Tex. Crim. App. 2003)
(per curiam); Bayless, 91 S.W.3d at 803 n.2. (5) Accordingly, once a criminal defendant
invokes our jurisdiction by filing a general notice of appeal, we then must determine
how the appeal may proceed. Since January 1, 2003, we turn to the certification of
the right to appeal, not the notice of appeal, to make that determination. 

 III. HOW A CRIMINAL APPEAL PROCEEDS


A. Applicable Appellate Rules



 This case was pending before this Court on January 1, 2003, the effective date
of the 2003 amendments to the rules of appellate procedure applicable to criminal
appeals. The threshold question to address in a criminal appeal pending on the
effective date of amendments to the rules of appellate procedure is what version of
the applicable rules controls. We first must decide whether we apply the current rules
retroactively or prospectively from the effective date of the amendments. If
retroactively, we apply the amendments to all criminal appeals pending on the effective
date of the amendments. Also required is a decision about which event provides the
controlling date: entry of judgment or other appealable order, filing of a notice of
appeal, filing of appellant's brief, or some other event. 

1. Application of the 2003 TRAP Amendments to Pending Criminal Appeals


 Generally, rules altering procedure do not fall within the prohibition in the Texas
Constitution against retroactive application of laws that disturb vested, substantive
rights. Tex. Const. art. I, § 16; Ibarra v. State, 11 S.W.3d 189, 192 (Tex. Crim.
App. 1999). We note that former rule 25.2(b)(3), which replaced former
rule 40(b)(1) in 1997, applied to all appeals pending on the effective date of the
amendment unless "application would not be feasible or would work injustice." 
Villanueva v. State, 977 S.W.2d 693, 694 (Tex. App.-Fort Worth 1998, no pet.) (per
curiam) (quoting Court of Criminal Appeals Final Approval, 60 Tex. B.J. 876 (Tex.
Crim. App. Aug. 1997)). As the trial court observed in its request for reconsideration
of our abatement order, the court of criminal appeals' order adopting the 2003
amendments provides no such direction. 

 Current rule 25.2(a)(2) mandates that "[t]he trial court shall enter a certification
of the defendant's right of appeal in every case in which it enters a judgment of guilt
or other appealable order." Tex. R. App. P. 25.2(a)(2) (Vernon Supp. 2003). Further,
current rule 25.2(d) mandates that an appeal "must be dismissed if a certification that
shows the defendant has the right of appeal has not been made part of the record
under these rules." Tex. R. App. P. 25.2(d) (Vernon Supp. 2003). (6) No certification of
the defendant's right of appeal in a criminal case was required by the former rules of
appellate procedure before January 1, 2003. Tex. R. App. P. 25.2(a)(2) (Vernon
Supp. 1997, amended effective January 1, 2003). (7) Therefore, trial courts have not
provided, nor have defendants requested preparation of, certifications of the right of
appeal in cases disposed of before the effective date of the amendment. 

 Nonetheless, after careful consideration, we have decided to apply the current
rules of appellate procedure governing how criminal appeals proceed to all criminal
cases pending before this Court on January 1, 2003. The next question we address
is what event commences an appeal for purposes of application of the 2003
amendments to the rules of appellate procedure. 

2. Triggering Event


 We already have noted that a timely general notice of appeal confers jurisdiction
on this Court. Bayless, 91 S.W.3d at 803 n.2. Therefore, we have decided that the
date of filing of the defendant's notice of appeal determines whether we apply the
2003 amendments to the rules of appellate procedure applicable to criminal cases. 
Having determined which appellate rules apply, we now address, for the benefit of
bench and bar in preparing certifications of the right of appeal under the current rules,
the power we have to review issues raised by a criminal appeal. (8) 

B. Limitations Imposed on Criminal Appeals before January 1, 2003


by Former Rule 40(b)(1) and Former Rule 25.2(b)(3)


 For appeals commenced before January 1, 2003, Texas law limited a
defendant's right of appellate review following a plea entered in a felony case pursuant
to an agreed punishment recommendation if "the punishment assessed did not exceed
the punishment recommended by the prosecutor and agreed to by the defendant." 
Tex. R. App. P. 25.2(b)(3) (Vernon Supp. 1997, amended effective January 1, 2003) (9);
Ramirez, 89 S.W.3d at 225. In that event, to comply with the extra-notice
requirements of former rule 25.2(b)(3), the notice of appeal must have: (1) specified
that the appeal was for a jurisdictional defect; (2) specified that the substance of the
appeal was raised by written motion and ruled on before trial; or (3) stated that the
trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3) (Vernon
Supp. 1997, amended effective January 1, 2003) (10); Ramirez, 89 S.W.3d at 225. This
provision of former rule 25.2(b)(3) was incorporated in part into the current rules
regarding preparation of certifications of the right of appeal. An "agreed punishment
recommendation" is still required before limitations on our review power apply. 

1. What Constitutes an "Agreed Punishment Recommendation"


 An agreement between the State and a defendant may be a plea bargain without
having as one of its terms an agreed punishment recommendation that is followed by
the trial court. Ramirez, 89 S.W.3d at 225 n.4. Any concession by the State in
exchange for the defendant's guilty plea creates a plea bargain. Id. Only a plea
bargain that incorporates an agreed recommendation as to punishment and is accepted
by the court, however, triggers restrictions on our review power. Id. We note that the
form promulgated by the court of criminal appeals for use by the bench and bar in
preparing certifications of the right of appeal does not differentiate between "plea
bargain" and "agreed punishment recommendation that the trial court followed." 2. Limitations on Review of Issues Not Enumerated in Former Rule 25.2(b)(3)


a. Limitation on Appellate Review of Voluntariness Issue


 We have no power to review an appeal by a criminal defendant of issues
associated with the voluntariness of a felony plea entered pursuant to an agreed
punishment recommendation that the trial court followed. Cooper v. State,
45 S.W.3d 77, 81 (Tex. Crim. App. 2001). The court of criminal appeals reasoned:

 Experience has shown us that most cases of involuntary pleas result from
circumstances that existed outside the record, such as
misunderstandings, erroneous information, impaired judgment, ineffective
assistance of counsel, and plea-bargains that were not followed or turn
out to be impossible of performance. The legislature reasonably
determined to eliminate a small number of meritorious appeals to prevent
a much larger number of meritless appeals.


 This decision may be seen as even more reasonable when it is
remembered that meritorious claims of involuntary pleas may be raised
by other procedures: motion for new trial and habeas corpus. These
procedures are not only adequate to resolve claims of involuntary pleas,
but they are superior to appeal in that the claim may be supported by
information from sources broader than the appellate record.


Id. (footnote omitted). 

b. Limitation on Appellate Review of Ineffective-Assistance-of-Counsel Issues


 "The plain import of [former rule 25.2(b)(3)] is that appeals from plea-bargain
cases are limited to the situations set forth in the rule." Woods v. State,
108 S.W.3d 314, at *4-*5 (Tex. Crim. App. 2003). As with voluntariness issues, we
have no power to review an appeal by a criminal defendant of ineffective-assistance-of-counsel claims arising out of a felony plea entered pursuant to an agreed
punishment recommendation that the trial court followed. Id. 

3. Compliance in Substance as Well as Form


 It was not enough that the form of a notice of appeal filed before January 1,
2003 comply with the extra-notice requirements of former rule 25.2(b)(3). Flores v.
State, 43 S.W.3d 628, 629 (Tex. App.-Houston [1st Dist.] 2001, no pet.); Sherman
v. State, 12 S.W.3d 489, 492 (Tex. App.-Dallas 1999, no pet.). The record must
have substantiated the specific allegations in the notice of appeal. Woods,
108 S.W.3d 314, at *5; Flores, 43 S.W.3d at 629; Betz v. State,
36 S.W.3d 227, 228 (Tex. App.-Houston [14th Dist.] 2001, no pet.). Thus, the
record must have substantiated a lack of jurisdiction in the trial court if an appellant
specified in the notice of appeal pursuant to former rule 25.2(b)(3) that the appeal was
for jurisdictional defects. Woods, 108 S.W.3d 314, at *5; Betz, 36 S.W.3d at 228. 
Similarly, the record must have contained written motions ruled on before trial if an
appellant specified in the notice of appeal that the appeal was pursuant to former
rule 25.2(b)(3)(B) or reflected the trial court's permission to appeal pursuant to former
rule 25.2(b)(3)(C). Betz, 36 S.W.3d at 228. 

 4. Exception for Errors Unrelated to Conviction


 A defendant was not required to comply with the extra-notice provisions of
former rule 25.2(b)(3) to challenge issues unrelated to the conviction, including
asserted errors in the process by which the defendant was punished. Vidaurri v.
State, 49 S.W.3d 880, 883 (Tex. Crim. App. 2001); see May v. State,
106 S.W.3d 375, at *2 n.4 (Tex. App.-Corpus Christi 2003, no pet. h.) (applying
Vidaurri to appeal commenced after January 1, 2003 to hold requirements of current
rule 25.2(a)(2) inapplicable to claim of error in misapplication of mandatory sentencing
statute). We note that the form promulgated by the court of criminal appeals for use
by the bench and bar in preparing certifications of the right of appeal does not include
the exception for errors unrelated to the conviction. 

 5. Application to Appeals Following Imposition of Community Supervision


 There are two kinds of community supervision. "Regular" community
supervision means placing a defendant under a continuum of programs and sanctions
for a specified period after conviction and sentencing, during which period imposition
of sentence is suspended in whole or in part. "Deferred adjudication" community
supervision means placing a defendant under a continuum of programs and sanctions
for a specified period before adjudicating guilt and, consequently, before sentencing.
Tex. Code Crim. Proc. Ann. art. 42.12, § 2(2) (Vernon Supp. 2003). Imposition and
revocation of both regular and deferred adjudication community supervision proceed
in the same way through imposition of terms and conditions, notice of revocation, and
revocation hearing. Tex. Code Crim. Proc. Ann. art. 42.12, §§ 3, 5(b), 21, 23
(Vernon Supp. 2003). 

a. Application to Imposition of Community Supervision


 An appeal from imposition of regular community supervision must be taken at
the time the trial court imposes the terms and conditions. Corley v. State,
782 S.W.2d 859, 860 (Tex. Crim. App. 1989). A felony defendant whose appeal
from the trial court's imposition of regular community supervision pursuant to an
agreed punishment recommendation that the trial court followed was concluded before
January 1, 2003 was required to file the particularized notice of appeal mandated by
former rule 25.2(b)(3). See Tex. R. App. P. 25.2(b)(3) (Vernon Supp. 1997, amended
effective January 1, 2003) (11); Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim.
App. 1991) (and cited cases). 

 Similarly, a defendant also must appeal the trial court's imposition of deferred
adjudication community supervision at the time it is ordered. Tex. Code Crim. Proc.
Ann. art. 44.01(j) (Vernon Supp. 2003); Nix v. State, 65 S.W.3d 664, 667 (Tex.
Crim. App. 2001); Manuel, 994 S.W.2d at 661-62. As with an appeal from
imposition of regular community supervision, a felony defendant who appealed from
the imposition of deferred adjudication community supervision pursuant to an agreed
punishment recommendation that the trial court followed also was required to file the
particularized notice of appeal required by former rule 25.2(b)(3). Woods v. State,
68 S.W.3d 667, 669 (Tex. Crim. App. 2002) (and cited cases). 

 b. Application to Community Supervision Revocation Proceedings

(1) Revocation of Regular Community Supervision


 Section 23(b) of article 42.12 of the code of criminal procedure affords a
defendant an unrestricted right to appeal from an order revoking regular community
supervision, even if that community supervision was the result of an agreed
punishment recommendation. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon
Supp. 2003); Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998); Mitich
v. State, 47 S.W.3d 137, 140 (Tex. App.-Corpus Christi 2001, no pet.). The
restrictive proviso of former rule 25.2(b)(3) did not apply to a pre-January 1, 2003
appeal "attacking the propriety of orders revoking probation." See Feagin,
967 S.W.2d at 419 (interpreting former rule 40(b)(1), which was amended and
replaced in 1997 by former rule 25.2(b)(3)). A defendant appealing from revocation
of regular community supervision did not appeal from a judgment rendered on a plea
of guilty or nolo contendere under article 1.15 of the code of criminal procedure. See
Tex. R. App. P. 25.2(b) (Vernon Supp. 1997, amended effective January 1, 2003). (12) 
A plea of true is not "a plea of guilty or nolo contendere under article 1.15 of the code
of criminal procedure." See id. In such circumstances, the agreed punishment
recommendation that the defendant and the State entered into was complete when the
trial judge originally placed the defendant on community supervision, and section 23(b)
of article 42.12 governs appeals from revocation of regular community supervision,
not former rule 25.2(b)(3). See Feagin, 967 S.W.2d at 419. Thus, an appeal
concluded before January 1, 2003 proceeded without limitation on our power to
review any errors raised by the appellant with regard to a regular community
supervision revocation proceeding, even revocations pursuant to an agreed punishment
recommendation. (13) See id.; see also Mitich, 47 S.W.3d at 140. As with the right to
appeal errors unrelated to conviction, the form promulgated by the court of criminal
appeals for use by the bench and bar in preparing certifications of the right of appeal
does not include the right to appeal from revocation of regular community supervision. 

(2) Revocation of Deferred Adjudication Community Supervision


 The process for revoking deferred adjudication community supervision is the
same as revocation proceedings in regular community supervision cases. See Tex.
Code Crim. Proc. Ann. art. 42.12, §§ 5(b), 21, 23(a) (Vernon Supp. 2003). However,
the resemblance between deferred adjudication and regular community supervision
revocation proceedings ends there. The distinction arises from the trial court's deferral
of a finding of guilt when imposing deferred adjudication community supervision. See
Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2003). Appeal from the
revocation of deferred adjudication community supervision is strictly limited by
statute.  Id. 

(a) The Adjudication Decision


 The code of criminal procedure expressly denies a defendant the right to appeal
a trial court's adjudication decision:

 On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and
detained as provided in Section 21 of this article. The defendant is
entitled to a hearing limited to the determination by the court of whether
it proceeds with an adjudication of guilt on the original charge. No appeal
may be taken from this determination. After an adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of
sentence, granting of community supervision, and defendant's appeal
continue as if the adjudication of guilt had not been deferred. 

Id. (emphasis added). Thus, revocation of deferred adjudication community
supervision involves a component that proceedings revoking regular community
supervision do not: the adjudication decision. Issa v. State,
826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (per curiam). Section 5(b) of
article 42.12 prohibits a defendant who has been adjudicated guilty of the original
charge from raising on appeal contentions of error in the adjudication decision. 
Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). The court of
criminal appeals has made it clear, "given the plain meaning" of section 5(b) of
article 42.12, that an appellant whose deferred adjudication probation has been
revoked and who has been adjudicated guilty of the original charge may not raise on
appeal contentions of error in the adjudication-of-guilt process. Id. Included within the
term "adjudication-of-guilt process" are challenges to sufficiency of the notice
contained in the terms and conditions of deferred adjudication probation, adequacy of
the State's notice of violation, and sufficiency of the evidence to support the trial
court's revocation decision. See id. (and cited cases). 

 Applying Bayless to limit our review power and not our jurisdiction, we conclude
that we do not dismiss for want of jurisdiction appeals to the trial court's adjudication
determination. See Bayless, 91 S.W.3d at 805-06. Rather, pursuant to the
prohibition in section 5(b) of article 42.12, we overrule any issue challenging the trial
court's adjudication determination, just as we would any other issue that the appellant
has procedurally waived. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon
Supp. 2003); see Allen v. State, 84 S.W.3d 413, 418 (Tex. App.-Fort Worth 2002,
no pet.) (Dauphinot, J., dissenting). 

(b) The Assessment of Punishment and Pronouncement of Sentence


 For the purpose of applying former rule 25.2(b)(3), when a prosecutor
recommended deferred adjudication in exchange for a defendant's plea of guilty or nolo
contendere, the trial court did not exceed that recommendation if, on proceeding to
an adjudication of guilt, the court later assessed any punishment within the range
allowed by law. Vidaurri, 49 S.W.3d at 885 (citing Watson v. State,
924 S.W.2d 711, 714 (Tex. Crim. App. 1996)). (16) Thus, former rule 25.2(b)(3)
controlled our review power over an appeal brought after an adjudication of guilt by
a defendant placed on deferred adjudication community supervision pursuant to an
agreed punishment recommendation. Tex. R. App. P. 25.2(b)(3) (Vernon Supp. 1997,
amended effective January 1, 2003); Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b)
(Vernon Supp. 2003); Tex. Code Crim. Proc. Ann. art. 44.01(j) (Vernon Supp. 2003);
Woods, 68 S.W.3d at 669 (and cited cases). However, the extra-notice requirements
of former rule 25.2(b)(3) did not apply to an appeal from a judgment adjudicating guilt
when the issues raised by the appeal related to the punishment phase. See Kirtley v.
State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001) (citing Vidaurri, 49 S.W.3d
at 884). 

 Once the trial court adjudicates the guilt of a defendant on deferred adjudication
community supervision, the assessment of punishment, pronouncement of sentence, 
and the defendant's appeal continue as if the adjudication of guilt had not been
deferred. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2003). Thus,
a defendant may appeal from a judgment adjudicating guilt when the issues raised by
the appeal relate not to the adjudication decision but to the punishment phase. See
id.; see also Kirtley, 56 S.W.3d at 51-52 (addressing claim of ineffective assistance
of counsel at punishment phase following adjudication of guilt). As with the right to
appeal errors unrelated to conviction and from revocation of regular community
supervision, the form promulgated by the court of criminal appeals for use by the
bench and bar in preparing certifications of the right of appeal does not include the
right to appeal issues related to the punishment phase following an adjudication of
guilt. 

IV. CONCLUSION


 We grant the trial court's request for additional time to prepare a certification
of Gearhart's right of appeal. Accordingly, pursuant to current rule 34.5(c)(1), this
Court requests supplementation of the record in this case within thirty days of the date
of this order to include a certification of Gearhart's right to appeal issues associated
with the assessment of his punishment and pronouncement of sentence following his
adjudication of guilt. Tex. R. App. P. 34.5(c)(1), 34.5(c)(2). We extend the original
period of abatement for an additional thirty days from the date of this opinion. 



 

 PER CURIAM


Publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed 

this 20th day of August, 2003.


1. For ease of reference throughout this order in referring to former and current rules of appellate
procedure, we refer to rules effective before January 1, 2003 as "former" and rules effective January 1,
2003 as "current." 
2. As adopted in 1977, article 44.02 then read:


 A defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed, provided, however, before the defendant who has been convicted
upon either his plea of guilty or plea of nolo contendere before the court and the court,
upon the election of the defendant, assesses punishment and the punishment does not
exceed the punishment recommended by the prosecutor and agreed to by the defendant
and his attorney may prosecute his appeal, he must have permission of the trial court,
except on those matters which have been raised by written motion filed prior to trial. 
This article in no way affects appeals pursuant to Article 44.17 of this chapter. 

Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1977), as amended by repeal of "proviso only" pursuant
to Acts 985, 69th Leg., ch. 685, § 4 by orders of the Texas Court of Criminal Appeals dated
December 18, 1985, 707-708 S.W.2d XXX-XXXI (Tex. Cases 1986), and April 10, 1986,
713-714 S.W.2d XXXIX-XXX (Tex. Cases 1986), adopting rule 40(b)(1) of the Texas Rules of Appellate
Procedure (effective September 1, 1986). Rule 40(b)(1) then read:


 Appeal is perfected in a criminal case by giving timely notice of appeal; except,
it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall
be given in writing filed with the clerk of the trial court. Such notice shall be sufficient
if it shows the desire of the defendant to appeal from the judgment or other appealable
order; but if the judgment was rendered upon his plea of guilty or nolo contendere
pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does
not exceed the punishment recommended by the prosecutor and agreed to by the
defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect
or error that occurred prior to entry of the plea the notice shall state that the trial court
granted permission to appeal or shall specify that those matters were raised by written
motion and ruled on before trial. The clerk of the trial court shall note on copies of the
notice of appeal the number of the cause and the day that notice was filed, and shall
immediately send one copy to the clerk of the appropriate court of appeals and one copy
to the attorney for the State. 


Tex. R. App. P. 40(b)(1) (Vernon Supp. 1986) as amended by Tex. R. App. P. 25.2(b), 948-949 S.W.2d
XCVI (Tex. Cases 1997) (effective September 1, 1997, amended 2003). Former rule 25.2(b) provided:


 (b) Form and sufficiency of notice. 


 (1) Notice must be given in writing and filed with the trial court clerk. 


 (2) Notice is sufficient if it shows the party's desire to appeal from the
judgment or other appealable order, and, if the State is the appellant, the notice
complies with Code of Criminal Procedure article 44.01.


 (3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo
contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed
the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:


 (A) specify that the appeal is for a jurisdictional defect;


 (B) specify that the substance of the appeal was raised by written
motion and ruled on before trial; or


 (C) state that the trial court granted permission to appeal. 


Tex. R. App. P. 25.2(b) (Vernon Supp. 1997) as amended by Tex. R. App. P. 25.2(a)(2), 90-91 S.W.3d
XXII (Tex. Cases 2003) (effective January 1, 2003). Current rule 25.2(a)(2) provides:


 A defendant in a criminal case has the right of appeal under Code of Criminal Procedure
article 44.02 and these rules. The trial court shall enter a certification of the
defendant's right of appeal in every case in which it enters a judgment of guilt or other
appealable order. In a plea bargain case - that is, a case in which a defendant's plea
was guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant - a defendant may
appeal only:


 (A) those matters that were raised by written motion filed and ruled
on before trial; or


 (B) after getting the trial court's permission to appeal. 


Tex. R. App. P. 25.2(a)(2) (Vernon Supp. 2003). Because we prefer simplicity, we cite throughout this
order to the text of each rule printed in Vernon's supplement published in the first year of the rule's
effective date. 
3. Former rule 25.2(d) provided:


 (d) Amending the Notice. An amended notice of appeal correcting a defect
or omission in an earlier filed notice may be filed in the appellate court at any time
before the appellate brief is filed. The amended notice is subject to being struck for
cause on the motion of any party affected by the amended notice. After the appellant's
brief is filed, the notice may be amended only on leave of the appellate court and on
such terms as the court may prescribe. 


Tex. R. App. P. 25.2(d), 948-949 S.W.2d XCVI (Tex. Cases 1997) (effective September 1, 1997,
amended 2003). Current rule 25.2(f) provides:


 (f) Amending the Notice. An amended notice of appeal or trial court's
certification of the defendant's right of appeal correcting a defect or omission in an
earlier filed notice or certification may be filed in the appellate court in accordance with
Rule 37.1, or at any time before the appealing party's brief is filed if the court of appeals
has not used Rule 37.1. The amended notice or certification is subject to being struck
for cause on the motion of any party affected by the amended notice or certification. 
After the appealing party's brief is filed, the notice or certification may be amended only
on leave of the appellate court and on such terms as the court may prescribe. 


Tex. R. App. P. 25.2(f) (Vernon Supp. 2003), 90-91 S.W.3d XXIII (Tex. Cases 2003) (effective
January 1, 2003). Current rule 37.1 provides:


 If the appellate clerk determines that the notice of appeal or certification of
defendant's right of appeal in a criminal case is defective, the clerk must notify the
parties of the defect so that it can be remedied, if possible. If a proper notice of appeal
or certification of a criminal defendant's right of appeal is not filed in the trial court
within 30 days of the date of the clerk's notice, the clerk must refer the matter to the
appellate court, which will make an appropriate order under this rule or Rule 34.5(c)(2).


Tex. R. App. P. 37.1 (Vernon Supp. 2003), 90-91 S.W.3d XXVII (Tex. Cases 2003) (effective
January 1, 2003). Current rule 34.5(c) provides:


 (c) Supplementation. 


 (1) If a relevant item has been omitted from the clerk's record, the
trial court, the appellate court, or any party may by letter direct the trial court
clerk to prepare, certify, and file in the appellate court a supplement containing
the omitted item. 


 (2) If the appellate court in a criminal case orders the trial court to
prepare and file findings of fact and conclusions of law as required by law, or
certification of the defendant's right of appeal as required by these rules, the
trial court clerk must prepare, certify, and file in the appellate court a
supplemental clerk's record containing those findings and conclusions. 


 (3) Any supplemental clerk's record will be part of the appellate
record. 

 

Tex. R. App. P. 34.5(c) (Vernon Supp. 2003), 90-91 S.W.3d XXVI (Tex. Cases 2003) (effective
January 1, 2003). Again because we prefer simplicity, we cite throughout this order to the text of each
rule printed in Vernon's supplement published in the first year of the rule's effective date. 
4. See, e.g., Johnson v. State, 84 S.W.3d 658, 659 (Tex. Crim. App. 2002) ("In this case we
reaffirm the rule that a defendant's 'general' notice of appeal from a plea-bargained conviction does not
invoke the jurisdiction of the Court of Appeals."); Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim.
App. 2002) (holding that failure of appellant to follow former rule 25.2(b)(3) deprives appellate court
of jurisdiction over appeal); White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001) (holding
that general notice of appeal does not invoke appellate jurisdiction over issues related to conviction); 
Gearhart v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994) (holding that general notice of appeal
did not confer jurisdiction on court of appeals under former rule 40(b)(1)). 
5. We conclude that an unamended general notice of appeal filed by a defendant before
January 1, 2003 after a felony plea pursuant to an agreed punishment recommendation presented a
waiver issue, not a question of jurisdiction. We note that treatment of compliance with the particularized
notice requirements of former rule 25.2(b)(3) as waiver rather than a jurisdictional issue is consistent
with the review of errors asserted by a defendant who pleaded guilty without the benefit of a negotiated
plea. See Ramirez v. State, 89 S.W.3d 222, 228 (Tex. App.-Corpus Christi 2002, no pet.) (quoting
Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000)) (holding that waiver by non-negotiated
guilty plea occurs "when the judgment of guilt was rendered independent of, and is not supported by,
the error."). 
6. See note 3. 
7. See note 2. 
8. We assume, until directed otherwise by the court of criminal appeals, that the body of case
law interpreting appellate rules governing how criminal appeals proceed applies to the current rules.
9. See note 2.
10. See note 2.
11. See note 2. 
12. See note 2. 
13. Similarly, neither former rule 40(b)(1) nor former rule 25.2(b)(3) imposed limitations on notices
of appeal following misdemeanor pleas entered pursuant to an agreed punishment recommendation. See
Tex. R. App. P. 40(b)(1) (Vernon Supp. 1986) (repealed) (14)
14. Former rule 40(b)(1) provided:


 (1) Appeal is perfected in a criminal case by giving timely notice of appeal;
except, it is unnecessary to give notice of appeal in death penalty cases. Notice of
appeal shall be given in writing filed with the clerk of the trial court. Such notice shall
be sufficient if it shows the desire of the defendant to appeal from the judgment or other
appealable order; but if the judgment was rendered upon his plea of guilty or nolo
contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment
assessed does not exceed the punishment recommended by the prosecutor and agreed
to by the defendant and his attorney, in order to prosecute an appeal for a
nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall
state that the trial court granted permission to appeal or shall specify that those matters
were raised by written motion and ruled on before trial. The clerk of the trial court shall
note on copies of the notice of appeal the number of the cause and the day that notice
was filed, and shall immediately send one copy to the clerk of the appropriate court of
appeals and one copy to the attorney for the State. 


Tex. R. App. P. 40(b)(1), 707-708 S.W.2d LII-LIII (Tex. Cases 1986) (effective September 1, 1986,
amended effective September 1, 1997, amended effective January 1, 2003).   
 
   
- 
 
   
 
    
 -     
 (15)
15. Former rule 25.2(b) provided:


 (b) Form and Sufficiency of Notice.


 (1) Notice must be given in writing and filed with the trial
court clerk. 


 (2) Notice is sufficient if it shows the party's desire to
appeal from the judgment or other appealable order, and, if the State is
the appellant, the notice complies with Code of Criminal Procedure
article 44.01. 


 (3) But if the appeal is from a judgment rendered on the
defendant's plea of guilty or nolo contendere under Code of Criminal
Procedure article 1.15, and the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the
defendant, the notice must:


 (A) specify that the appeal is for a jurisdictional
defect; 

 

 (B) specify that the substance of the appeal was
raised by written motion and ruled on before trial; or 

 

 (C) state that the trial court granted permission to
appeal. 


Tex. R. App. P. 25.2(b), 948-949 S.W.2d (Tex. Cases) XCVI (effective September 1, 1997, amended
2003). Current rule 25.2 includes the followinging provisions:


 (a) Rights to Appeal.


 (1) Of the State. The State is entitled to appeal a court's
order in a criminal case as provided by Code of Criminal Procedure
article 44.01. 


 (2) Of the Defendant. A defendant in a criminal case has
the right of appeal under Code of Criminal Procedure article 44.02 and
these rules. The trial court shall enter a certification of the defendant's
right of appeal in every case in which it enters a judgment of guilt or
other appealable order. In a plea bargain case-that is, a case in which
defendant's plea is guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and agreed to
by the defendant-a defendant may appeal only: 


 (A) those matters that were raised by written
motion filed and ruled on before trial; or 

 

 (B) after getting the trial court's permission to
appeal. 

 

 (b) Perfection of Appeal. In a criminal case, appeal is perfected by
timely filing a sufficient notice of appeal. In a death-penalty case,
however, it is unnecessary to file a notice of appeal. 


 (c) Form and Sufficiency of Notice.


 (1) Notice must be given in writing and filed with the trial
court clerk. 


 (2) Notice is sufficient if it shows the party's desire to
appeal from the judgment or other appealable order, and, if the State is
the appellant, the notice complies with Code of Criminal Procedure
article 44.01. 


 (d) Certification of Defendant's Right of Appeal. If the defendant is the
appellant, the record must include the trial court's certification of the defendant's right
of appeal under Rule 25.2(a)(2). The certification should be part of the record when
notice is filed, but may be added by timely amendment or supplementation under this
rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate court under
Rule 34.5(c)(2). The appeal must be dismissed if a certification that shows the
defendant has the right of appeal has not been made part of the record under these
rules. 


Tex. R. App. P. 25.2(a),(b),(c), and (d) (West 2003), 90-91 S.W.3d (Tex. Cases) XXII-XXIII (effective
January 1, 2003). For the text of current rules 34.5(c)(1) and 37.1, see supra note 2. Again, we apply
the rules in effect when appellant timely filed notice of appeal on ________________. 
        
 
16. The court of criminal appeals limited Watson to this proposition in Vidaurri v. State,
49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001) and Feagin v. State, 967 S.W.2d 417, 418 (Tex.
Crim. App. 1998).